CASE 63—ACTION FOR AN INJUNCTION—JAN. 29.

# Jackson v. Brewer, &c.

APPEAL FROM HENRY CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.    REVERSED.

SCHOOLS AND SCHOOL DISTRICTS—GRADED DISTRICT—TAXATION OF LAND
LYING OUTSIDE OF DISTRICT.

Held:    Under Kentucky Statutes section 4464, providing for the es-
tablishment of graded schools, and providing that "no point or
the boundary in a proposed graded common school district shall
be more than two and one-half miles from the site of the
proposed school house," that part of a farm lying outside the
two and one-half mile limit is not subject to taxation for graded
school purposes, though the dwelling house of the owner is with-
in the limit, as the provision of Id. section 4458, that "where
the lines dividing school districts pass through the lands of any
person, dividing the same, the tax shall be levied and paid
to the district wherein the homestead may be situated," does not
apply to graded school districts.

JOHN D. CARROLL, FOR APPELLANT.

The appellees, trustees of Eminence graded school district,
sought to compel appellant to pay taxes on all his land, both
within and without the district, because his residence is within
the district, and he files this action to enjoin them from selling
property to pay taxes on land outside the district.

Appellees demurred to his petition which was sustained, and
declining to plead further his petition was dismissed and he ap-
peals.

Appellant owns 500 acres of land lying in one body.    His
residence and 100    acres of the land, is within the    graded
school district, that is to say, within two and one-half miles of
the graded school building, leaving 400 acres more than two
and one-half miles from the school building.

Two questions are presented and neither of them has ever been
decided by this court.    The first one is:    Can the school tax be
levied on land lying *more than two and one-half miles* from the
school building, when the owner of the land resides with-
in two and one-half miles thereof and a portion of his farm
is within said limit?

Jackson v. Brewer, &c.

The second question is:     Is it the duty of the trustees to have a survey of the district made, so that the owners of land on the boundary lines, may know how much tax they owe?

Appellees contend that sections 4464 and 4458, Kentucky Statutes, must be construed together, and that sec. 4458 applies to graded schools, as well as to common schools, and that when the line of a graded school district runs through the lands of a person, he must pay tax on his whole farm to the graded school district if his homestead is situated within the boundary, no matter how far outside the boundary his land may run—that the *location of the residence controls absolutely the question.*

We claim that these two sections are absolutely unreconcilable, and can not be harmonized; they were not intended to be construed together, and there is no reason why they should be.

Section 4464 relates exclusively to graded schools, while section 4458 relates exclusively to common schools.

A tax for common schools can not exceed twenty-five cents on the $100.     Sections 4440, 4441, 4463.

A tax for graded schools may go as high as fifty cents on the $100.   Section 4464.

A tax for common schools, if levied by the trustees, as it may be under sections 4440 and 4441, must be levied *each year.* If the tax is voted, as it may be under sections 4457 and 4458, it can not be voted at one election for a longer time than *three years.*

The graded school tax when once voted goes on *forever, it never stops.*   It is an everlasting, never ending burden. Wherefore, the imposition of such a tax is a matter of serious moment to the taxpayer.

### AUTHORITIES CITED.

Kentucky Statutes, sec. 4464; first act establishing graded schools, Acts 87 and 8, vol. 1, page 194; Trustees Paintsville School Dist. v. Davis, 23 R., 838; Common School, Kentucky Statutes, secs. 4458, 4440, 4441, 4463; Acts 1885-86, vol. 1, page 129.

The Paintsville case has been decided since this brief was written and is directly in joint.

D. A. SACHS, FOR GRADED SCHOOL.

A graded common school is nothing more than a common school.   Section 4464, Kentucky Statutes.

A common school can be changed into a graded school when *a majority of the trustees of the common school district request it,* so that a *graded school* is only a *common school graded.*

Appellant contends that section 4458, Kentucky Statutes, which provides that the taxes shall be levied and paid to the district where the homestead may be situated does not apply to graded schools, because section 4464, Kentucky Statutes providing for graded schools does not *repeat* the provision of section 4458, as to location of the homestead. Our answer is that the Legislature treated this whole chapter, 113 Kentucky Statutes as we do, that a graded school is only a common school graded, and there was no need of repeating in section 4464, what it had already said in sec. 4458.

Our *contention is* that appellant should pay taxes for the graded school on all the land in the boundary in which his home stead is situated if his homestead is within two and one-half miles of the school building.    Kentucky Statutes, chapter 113, sections 4403, 4443, 4458, 4463, 4464.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—REVERSING.

It is substantially alleged in the petition in this action that the plaintiff (now appellant) is a resident and taxpayer in Henry county, and the owner of a large personal estate and more than 500 acres of land in said county; that his residence, which he occupies, and a small portion of his land, not exceeding 100 acres, are situated within 2½ miles of the graded-school building erected and established in Eminence Graded-School District; that 400 acres of his land are situated more than 2½ miles from said building; and that all of his land is in one body, except that a part of it is separated by a turnpike road, and was bought by him at different times, and from different parties. The petition then proceeded to show that appellees, except Woodruff, are trustees of said school district; and that they had appointed Woodruff to collect the school tax due to said district, and that they had taken from the assessor's book all the value of the land assessed for the year 1899 and for the year 1900, and had demanded of him $51 for the year 1900, being a poll tax of $1 on his head, and an ad valorem tax of 25 cents per $100 on all his personal property and

land situated in Henry county, listed as aforesaid for the
year 1899, and have levied on the personal property of this
plaintiff to the value of $250, and threatens to and will sell
said property unless enjoined by the court,. and plaintiff
will suffer great and irreparable injury if said property
is sold; that the boundary of the district, a copy of which
is filed, fixed and described the boundary of said district
(the boundary then being given); and that the public-school
building in Eminence was fixed as a graded-school house,
and certified to be not exceeding 2½ miles from the bound-
ary of said district.   It is further alleged that the plaintiff
had tendered to said collector $25, amount of the poll and
ad valorem tax that is due by him on all of his personal
property, and all of his land situated within said district,
and within 2½ miles of said building, but defendants
claimed the right to levy and collect taxes from him on all
of his land, although 400 acres of said land are not within
the boundary, or within 2½ miles of said school building,
that he is not liable to pay tax on any part of his land sit-
uated 2½ miles from said school building, and that it is the
duty of the defendants to have a survey made, so that it
may be ascertained how much of his said land is within
2½ miles of said building, and within said boundary; that
the boundary describing the district, which says, among
other things, "including B. F. Jackson," means simply to
include his residence, and no part of his land situated far-
ther from said graded-school building than his residence,
and does not include or mean to include any of his land sit-
uated farther from said building than his residence, al-
though said land may be within 2½ miles of said building
(and he files herewith, and as a part hereof, a map showing
the lines of said district); that defendants had no right to
levy or collect from him any tax on land situated farther

from the building than his residence; that in no event had they the right to collect tax on any of his land situated more than 2½ miles from said graded-school building; and that it is the duty of the defendants to have an accurate survey made, to determine how much of his land is within 2½ miles of said graded-school house. He further prayed for an injunction against Woodruff, as collector and treasurer, enjoining him from selling any of plaintiff's property to pay said graded-school tax until they ascertained by survey how much of his land is within 2½ miles of said school. He asked that it be adjudged that, according to the intent and meaning of said boundary, the words "including B. F. Jackson" mean only to include his residence and such part of his land as is between his residence and nearer to said graded-school building. If this can not be done, then he asked the court to adjudge that no part of his land situated more than 2½ miles from said graded-school building be liable to said tax, and asked that defendants be required to make an accurate survey, so that they may know how much, if any, of his land is within 2½ miles from said building, so that he may know how much tax he must pay annually, if it be adjudged that he must pay tax on all of his land within 2½ miles of said building; that he tenders $25, which amount he has heretofore tendered to defendants, to pay the full amount of school tax, believing in good faith that said amount is all that he owes, and asks the court to enjoin defendants and said Woodruff from selling his property, and that he be granted all necessary and proper relief. The defendants demurred to the petition, which demurrer was sustained by the court, and, plaintiff declining to amend, his petition was dismissed; hence this appeal.

The chief question presented for consideration is whether or not the land of plaintiff which is situated more than 2½

miles from the site of the school building is subject to tax authorized by law to be collected for graded-school purposes. Section 4464, Kentucky Statutes, authorizes the establishment of graded schools, when the same are voted for by the requisite number of voters, and by such vote a tax not exceeding 50 cents on each $100 assessed in said proposed graded-school district, town, or city, belonging to said white voters or corporations, or a poll tax in any sum named in said order, not exceeding $1.50 per capita on each white male over 21 years of age residing in said proposed common-school district, or both a poll and ad valorem tax, if so stated in the order. It is further provided that no point of the boundary in the proposed graded. common-school district shall be more than 2½ miles from the site of the proposed school house, and the location and site of said school house in said district must be set out with exactness in the petition filed with the county judge in fixing the boundary of the graded school, and providing for submission of the question to a vote of the district. The contention of the appellees is that all the land owned by B. F. Jackson is subject to taxation, as within or for the benefit of said graded-school district; and it is argued that inasmuch as section 4458, relative to common schools, provides that where a tax has been levied as may be under sections 4457 and 4458, where the lines dividing school districts pass through the lands of any persons dividing the same, the tax shall be levied and paid to the district wherein the homestead may be situated; and it is sought to apply the section supra to a graded school, in so far as the question of taxation is concerned. We do not think such contention is tenable. It will be seen that the sections last referred to are parts of article 9, and are applicable to common-school districts, and make no reference whatever

to graded schools. Neither is there any statute specifying the distance that the lines of any common-school district shall be from the school building. Moreover, it will be seen that said tax is limited to 25 cents in any one year on ad valorem. The law as to graded schools may be found in Kentucky Statutes, article 10, section 4464 *et seq.*, and provides for a different rate of taxation, and has various requirements and provisions not found in the section in reference to common schools; and the language is, "not exceeding 50 cents on each $100.00 of property assessed in said proposed graded common school district," etc. It would seem that a reasonable and fair construction of such language is that real estate not within the boundary could not and would not be made liable under the provisions of the sections supra.

It is further urged for appellees that the land of appellant outside the graded-school boundary would be exempt from common-school district taxation in an adjoining common-school district. We do not think such would necessarily be the result, but, whether so or not, it could in no wise affect the question under consideration. It would hardly be contended that, if a common-school district or if a graded-school district was voted within a certain boundary, land wholly unoccupied by any person, and not taxable in an adjoining district, would be exempt from tax so voted. In fact, this question seems to have been settled in the case of School Dist. v. Davis (23 R., 838), 64 S. W., 438. It will be seen from the opinion in the case supra that Davis instituted suit against the trustees aforesaid, seeking to enjoin them from collecting a graded-school tax on 80 acres of land of his home farm; the 80 acres being included within the boundaries of the graded-school district. He alleged that his home farm constituted about 700 acres; that

Jackson v. Brewer, &c.

80 acres of this lies within the boundary of the graded-school district, and the residue, including his residence, was in an adjoining school district; and that he paid tax on his whole tract of land in the school district where his residence was located. The defendants answered, and the demurrer was sustained to the answer, and the trustees appealed. The appellee first based his contention that the land in question was not liable for any of the tax for the graded school upon that part of section 4458 of the statutes heretofore discussed, which provides that, when the dividing line between two districts shall run through or divide the lands of a person, the tax shall be levied and paid to the district where the homestead may be situated. This court, after a discussion of the question, and referring to various sections of the statute, said: "Section 4481 of this act provides for the issual of bonds of the graded-school district for the purpose of providing suitable grounds, school building, and apparatus for the graded school; and section 4482 provides that the board of trustees in any graded-school district where a tax has been voted shall cause to be levied and collected an annual ad valorem tax, in any sum not exceeding the amount voted for in said district, under the provisions of this law, upon each $100 worth of property of every kind and character having value and owned by any white person, company or corporation subject to taxation within the limits of said graded common-school district. There is no provision in this section of the statute similar to that in section 4458 which authorized the payment of taxes upon the property included within the corporate lines of the district in any other school district." It was further stated in the opinion that at the time the bonds were issued the land in question was included

within the boundary of the graded-school district, and is still so included. The fact that the appellee subsequently purchased a large boundary, in which his residence is located, and which is outside of the exterior boundary line of the graded-school district, did not relieve the 80 acres from the just proportion of the bonded debt which was incurred by the board upon the faith that his 80 acres of land were liable for their due proportion thereof,—citing Board of Education of Hawesville v. Louisville, H. & St. L. Ry. Co., 110 Ky., 932 (23 R., 376) 62 S. W., 1125; Bennett v. City of Louisville (23 R., 373) 62 S. W., 1041; section 155 of the Constitution. The court reversed the judgment, and held that the 80 acres were subject to the graded-school tax. It does not appear in this case that any bonds were issued, but it seems to us that the principle is the same. It is a familiar rule of law (with but few, if any, exceptions) that where a tax is levied in a district by a vote of the people, or made lawful by such vote, it is levied upon all the property within the boundary of the district, and no more. The situs of personal property is, as a general rule, governed by the residence of the owner, but not so with real estate. The situs of real estate is where it is in fact situated; and, although this rule of taxation seems to have been departed from in regard to taxation voted or levied by common-school districts, we are not disposed to apply it to the district under consideration, or a tax where there is no statute authorizing the same. We are not disposed to hold that the trustees of a graded-school district are bound to lay off the boundaries by a regular survey, containing metes, bounds, courses, and distances, though it might be well for this to be done; but that is a question addressed to the Legislature, rather than to the courts. If the exact bound-

ary of the district in question becomes material, it will be within the power of either party to the litigation to procure a survey of the same as is provided by law. See Hundley v. Singleton (24 R., 2006) (66 S. W., 279.) We are clearly of the opinion that no part of the real estate of the appellant which is more than 2½ miles from the location of the school building is liable to taxation under the graded-school law in question

It results from the foregoing that the court erred in sustaining the demurrer to the petition, and the judgment appealed from is therefore reversed, and the cause remanded, with directions to overrule the demurrer, and for proceedings not inconsistent herewith.

Petition for rehearing by appellee overruled.