CASE 55.—ACTION BY GEORGE H. PATTERSON AND OTHERS AGAINST H. H. KNAPP TO CONTEST AN ELECTION.—April 26.

## Patterson, &c., v. Knapp, &c.

Appeal from Simpson Circuit Court.

W. P. SANDIDGE, Circuit Judge.

From a judgment dismissing the petition, plaintiffs appeal. Affirmed.

Schools and School Districts—Levy of Tax—Submission to Voters —Contests—Jurisdiction—Where there is no provision in the statute for contesting the result of an election to determine whether a tax should be imposed in aid of a graded school, the courts have no jurisdiction of the subject-matter of an action brought to question the result of such an election, since that jurisdiction exists only when conferred by statute.

Patterson, &c. v. Knapp, &c.

GEO. H. HARRIS, Atty. for appellant.

While it is true the law providing for the holding of an election to determine whether or not any district wishes to have a graded common school, does not specifically provide any tribunal to determine the legality of the election, there is a statute which was known to the legislature at the time it passed the school law, broad enough to give the court ample power to prevent the wrong herein complained of, or at least to undo it, and that is section 966 of the Civil Code which provides that the "circuit court shall be a court of record, and shall have original jurisdiction of all matters both in law and equity, of which jurisdiction is not exclusively delegated to some other tribunal."

We submit that this section makes the circuit court the depository af all remedial power not conclusively given elsewhere.

G. T. FINN for appellee.

POINTS AND CITATION OF AUTHORITIES.

1.   This appeal in court of appeals should be dismissed.   (Ky. Stat., 1596a, subsec. 12).

2.   The circuit court had no jurisdiction of the original suit. (Ky. Stat. 1596a, subsec. 12; Trustees Common School District v. Garvey, 2 Ky. Law Rep., 384; Clark, &c. v. Rogers, &c., 4 Ky. Law Rep., 932; City of Louisville v. Park Court, 24 Ky. Law Rep., 41).

3.   Women had no right to vote.   (Opinion of Atty. Genl., Appendix Common School laws as compiled by Supt. p. 189; Ky. Stat., sections 4434-4457-4458-4463a-4464-4481; Jackson v. Brewer, 23 Ky. Law Rep., 1871).

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—Affirming.

An election as to whether a tax should be imposed in aid of a graded school was held in the city of Franklin in May, 1906. The result of the election, as canvassed and certified by the proper officials, showed a majority in favor of the tax. Subsequently certain citizens and taxpayers, the appellants herein,

instituted this action in the Simpson circuit court against the officers of the election, the superintendent of common schools of the county, and the sheriff, calling in question the correctness of the certificate. The plaintiffs were styled contestants and plaintiffs, and the defendants were styled contestees and defendants. This uncertainty on the part of the pleader grows out of the fact that there is no provision in our statutes for contesting the result of such an election Nevertheless, because there is a sound reason why there should be such a provision in the statutes, appellants evidently proceeded upon the theory that the provision of the statute for the contesting of elections of officers ought by implication to include contesting an election imposing a tax. The election was contested upon the ground that the officers refused to permit certain qualified voters to vote who offered to vote, and who, had they been permitted to vote, would have voted against the tax, and, further, that the officers permitted certain other persons to vote who, it is alleged, were not qualified voters of the town, and who voted in favor of the tax. The alleged irregularities were sufficient to have changed the result of the election, had they been corrected. A special demurrer was sustained in the circuit court, upon the ground that the court had not jurisdiction of the subject-matter of the suit. From the judgment sustaining that demurrer, and dismissing the petition in consequence, this appeal has been prosecuted.

On a former day a motion to dismiss the appeal was sustained, but that order was entered through an inadvertence, and is now set aside. Inasmuch as the case has been briefed upon the question of jurisdiction of the circuit court, and as that, in our opinion, is the controlling question on this appeal, we will dis-

pose of the case now.   Courts of equity have not inherently, and had not at common law, the jurisdiction to try contested election cases.   Nor have any other courts, for that matter.   Such jurisdiction exists only when it is conferred by statute.   However desirable it may be that some tribunal should be provided in which a contest might be instituted and tried, be the matter involved either the selection of public officials or the imposition of a tax upon the people by vote of the electors, that is a question that addresses itself to the discretion of the Legislature.   Trustees Common School District v. Garvey, 80 Ky. 159; Clark v. Rogers, 4 Ky. Law Rep. 932; City of Louisville v. Park Commissioners, 65 S. W. 860, 24 Ky. Law Rep. 41; McCrary on Elections, section 317, 15 Cyc. p. 297.

The judgment of the circuit court, dismissing the petition, is affirmed.