CASE 59.—ACTION BY THE CLEAR SPRING DISTILLLING
        COMPANY AGAINST BARDSTOWN GRADED COM-
        MON SCHOOL DISTRICT.—November 23. 1909.

# Clear Spring Distilling Co. v. Bardstown Graded School District.

Appeal from Nelson Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Judgment for defendants, plaintiff appeals.—Reversed.

Schools and School Districts—Graded Common School District—
    Boundaries.—Ky. St. 1909, Sec. 4464, providing that no point
    on the boundary of a proposed graded common school district
    shall be more that 2½ miles from the site of its proposed
    schoolhouse, etc., when considered in connection with sec-
    tion 4481, authorizing the trustees to order an election to
    submit the question of the issuance of bonds to provide
    grounds, buildings, etc., and section 4439, authorizing proceed-
    ings to condemn a site for a schoolhouse not exceeding one
    acre, requires that the 2½-mile boundary for a graded com-
    mon school district shall be measured from the outer boun-
    dary of the site of the school building, provided the site does
    not exceed one acre.

JOHN D WICKLIFFE for appellant.

REDFORD C. CHERRY and JOHN S. KELLY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN.—
Reversing.

The county court of Nelson county recently estab-
lished a graded common school district in the city of
Bardstown, the boundary of which included several
ware-houses containing 15,000 barrels of whisky, upon
both of which the trustees claim the school district

is entitled to taxes. The trustees obtained 8 or 9 acres of land and erected a schoolhouse upon it, and the county court, in establishing the outside boundary line of the district 2½ miles from the outer boundary of the eight or nine acres survey, included the warehouses and whisky. We copy an excerpt from the facts as agreed by the parties, which is as follows: "If a straight line is run from the northwestern portion of said school site in a northwesterly direction towards plaintiff's distillery warehouses, the line described by this radius will include the whisky and warehouses in controversy; while, if such line is run from the main school building, said whisky and warehouses will be excluded from the 2½-mile boundary line of said district."

The only question to be determined is: From what point should the measurement begin to arrive at the outer boundary 2½ miles from the school site? It is provided in section 4464, Ky. St. under title of "Graded Common Schools," as follows: "No point on the boundary of any proposed graded common school district shall be more than two and one-half miles from the site of its proposed schoolhouse, and that the location and site of said schoolhouse in said district are set out with exactness in said petition to the county judge." Sec. 4481 of the Statutes (Russell's St. Sec. 5758) provides that the trustees of graded common school districts may order an election, and submit to the voters of the district the question whether or not the trustees thereof shall issue bonds for the purpose of providing suitable grounds, school buildings, furniture, and apparatus for the proposed graded common school district. It is further provided in this section that: "Said board of trustees shall provide funds for purchasing suitable grounds

and buildings, or for erecting or repairing suitable buildings, and for other expenses needful in conducting a good graded common school in their graded common school district." There is no direct and positive authority given the trustees in graded common school districts to purchase suitable grounds, etc., for the erection of school buildings, but this must necessarily be inferred from the language quoted from section 4481, and it would be unreasonable to construe the statute as confining the trustees to a site only sufficient to erect a building upon.

It is our conclusion that the General Assembly never contemplated that the measurement of the 2½ miles should begin at the building. We are also of the opinion that it did not contemplate that such measurement should begin at the outer boundary of any survey of land that the trustees might procure by purchase or gift for school purposes, for the trustees might procure 100 acres or more, and thereby enable their district to obtain an advantage for educational purposes over the surrounding districts, and it would enable them to tax persons in that district who would be unable to derive any benefit from the school by reason of the great distance therefrom. As stated, under the title of "Graded Common Schools," article 10 of the General Statutes, the General Assembly, by inference only, authorized the trustees to purchase a site for a school building, but did not authorize them to take steps in the county court to condemn land for such purposes, in case they could not agree with the owner of the land for its purchase. The General Assembly, when it enacted the sections of the statute included in article 10, and which have special reference to graded common schools, knew that it had enacted section 4439 under the head of "Common

Schools," applying to all common schools, which includes graded common schools. By that section the trustees are authorized to condemn a site for a school house when they cannot agree with the owner on the price. It is also provided by that section that "the quantity of land thus condemned shall not in any case exceed one acre.'

Our conclusion is that the General Assembly, in enacting section 4464 of the Statutes, intended that the 2½-mile boundary of graded common school districts should be measured from the outer boundary of the site of the school building, provided the site does not exceed one acre. It was not intended to confine the trustees of a graded common school to one acre of land if they saw proper to procure more, but it was meant to confine the taxing district within the above limits.

This, in our opinion, is the only reasonable construction that can be given the statutes upon this subject. The following authorities, while not exactly in point, throw some light upon the subject: Trustees Paintsville School District v. Davis, 64 S. W. 438, 23 Ky. Law Rep. 838, Jackson v. Brewer, etc., 112 Ky. 554, 66 S. W. 396, 23 Ky. Law Rep. 1871, and Hundley etc., v. Singleton, Supt. etc., 66 S. W. 279, 23 Ky. Law Rep. 2006. The agreed state of facts is insufficient to enable us to settle this case. We cannot tell whether the warehouses and whiskey will be included when the measurement is made to begin at the outer boundary of an acre, considering the school building as in the center of the acre.

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.