## Elliott, et al. v. Garner, et al.

(Decided October 6, 1910.)

Appeal from Christian Circuit Court.

1. Graded Schools—Establishment—Boundary of District.—The purpose of the statute is to allow the people who so desire, to establish a graded school, and the court would be very slow to set up its judgment against that of the school officers as to the boundary of the district.

2. Same—Construction of Statute.—It is a sound construction of the statute which leaves school matters to the school authorities, except where they have exceeded their authority.

3. Same—Legislative Authority.—The common school district is the creature of the statute, and what the Legislature made it can unmake.

4. Contesting Election.—There is no provision of law for contesting a school election.

W. T. FOWLER for appellant.

HUNTER, WOOD & SON and TRIMBLE & BELL for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

An election was held on September 12, 1908, in a district embracing the town of LaFayette in Christian county to take the sense of the legal voters on the establish-

ment of a graded school in the district; there were fifty votes for the tax and forty-nine against it. The vote was canvassed by the proper officers and duly certified. The trustees qualified and levied a tax, and thereupon this suit was brought by Q. A. Elliott and other taxpayers of the district to enjoin the trustees from organizing the graded school or levying or collecting the tax. The circuit court dismissed the petition and the plaintiffs appeal.

The first point made is that the boundary of the district as set out in the petition, and in the order of the court, is not sufficiently definite or certain. The boundary is not given by course and distance but runs from one designated point to another, as from farm to farm, including or excluding a farm as the case might be. There is no uncertainty in the boundary. It is not necessary that the boundary should be given by course and distance. It is sufficient if it is definitely indicated by known natural objects. Another objection is that the district was gerrymandered and not fairly laid off. Previous to the year 1908, the town of LaFayette was a part of school district No. 29. In the year 1907, a vote was taken in district No. 29, on the question of establishing a graded school, and resulted against the tax. So when the petition was gotten up for another vote the next year, the whole of district No. 29 was not included in it. The lines of the proposed district were so run as to leave out of it a number of persons who were opposed to the tax. It is said that the lines were run in a very zig zag fashion, and that to establish the district in this way is to sanction an evasion of the statute. There is nothing in the statute requiring the whole of a common school district to be included in a graded school district. The statute necessarily contemplated that parts of districts may be included and other parts left cut. The petition must be endorsed by the trustee of each district affected, and it must also be approved by the county superintendent, the intent of the statute being to trust the matter to these officers on the idea that they will not approve petitions where districts are gerrymandered in such a manner as to be prejudicial to the cause of education. The purpose of the statute is to allow the people who so desire, to establish a graded school, and the court would be very slow to set up its judgment against the judgment of school officers in a matter of this sort. The persons who were left out were opposed to the tax, and if the

cause of education will not suffer from the shape of the other districts, we do not see that there was anything wrong done by those who wanted the tax voted, when they left out as far as they could those who did not wish to be taxed for a graded school. Those within the district who are complaining here, have little reason to complain that injustice was done to others who were left out of it. It is a sound construction of the statute which leaves school matters to the school authorities, except in those particulars where they have exceeded their authority, or an appeal is allowed to the courts. We cannot see that there is anything unconstitutional in the act in so far as it authorizes the conversion of a part of a common school district into a graded school district without the consent of a majority of all the patrons of the common school district. The common school district is a creature of the statute, and what the Legislature made, it may unmake. The people within a common school district cannot demand that it shall remain unchanged, and what change shall be made rests wholly with the Legislature. The Constitution requires the General Assembly to provide an efficient system of common schools throughout the State; (Sec. 183) and how it shall best accomplish this object is purely a matter of legislative discretion.

Lastly, it is insisted that at the election a number of persons voted for the tax who were not legal voters, and that others who were legal voters and wished to vote against the tax were not allowed to vote, and so a majority of the legal voters did not vote for the tax. The returns of the election were canvassed by the county commissioners and the result was duly certified. There is no provision of law for the contesting of such an election. For the court now to hear the evidence as to who was or was not a legal voter, and how he voted or would have voted, is for the court simply to hear a contest of the election. If the Legislature had intended that such contests should be heard, it would have provided for them, and when it has not provided for the court hearing such a contest, for the court to take jurisdiction in the matter would be for the court to assume a jurisdiction that has not been conferred upon it. In Patterson v. Knapp, 125 Ky. 474, referring to a number of other authorities, we said:

"Courts of equity have not inherently, and had not at common law, the jurisdiction to try contested election cases. Nor have any other courts for that matter.

Such jurisdiction exists only when it is conferred by statute. However desirable it may be that some tribunal should be provided in which a contest might be instituted and tried, be the matter involved either the selection of public officials or the imposition of a tax upon the people by vote of the electors, that is a question that addressed itself to the discretion of the Legislature.''

A contrary rule was not laid down or recognized in Hundley v. Singleton, 23 R. 2006, or in Williams v. Lovelace, 28 R. 957. Both these opinions were written before the one above quoted from. Neither of them involved any effort to contest the election. In Hundley v. Singleton is was claimed that some property in the district was more than two and one half miles from the site of the proposed school house which is forbidden by the statute, and the court simply said that if this was true, this property could not be taxed, and that the validity of the election was not affected because none of these persons voted. In Williams v. Lovelace it was claimed that in running out the boundary two or three persons were taken in who were not in fact included in it as established by the county court and the court again simply said that this did not invalidate the election because it did not affect the result. There is nothing in this opinion in conflict with the previous decisions of the court or with the later case of Patterson v. Knapp.

Judgment affirmed.