## DeHaven, et al. v. Hardinsburg Graded Common School District No. 4, et al.

(Decided May 5, 1915.)

### Appeal from Breckinridge Circuit Court.

1. Schools and School Districts—Graded Common School District— Petition for—Taxpayer—Section 4464, Kentucky Statutes 1909.— A poll taxpayer is a taxpayer within the meaning of Section 4464, Kentucky Statutes, 1909, requiring the petition for the establishment of a graded common school district to be signed by "at least ten legal voters who are taxpayers."

2. Schools and School Districts—Graded Common School Districts— Approval of Trustees—Evidence.—Evidence in a proceeding to establish a graded common school district considered and held that only the original common school district was affected and only the approval of the trustee of that district was necessary.

3. Schools and School Districts—Graded Common School District— Establishment—Petition—Approval of Trustee—Section 4464, Kentucky Statutes, 1909.—Where the petition for the establishment of a graded common school district contains the following endorsement: "I, _____, Trustee of Educational Division No. 1, Subdistrict No. 1, the boundary of which is the same as the proposed boundary of the Graded Common School District proposed to be established herein, hereby approve the proposition to establish said Graded School District as set forth in the foregoing petition. Witness my hand this 22nd day of December, 1913"—and the trustee instead of signing at the end thereof places his signature in the blank, after the word "I," this constitutes an approval in writing within the meaning of Section 4464, Kentucky Statutes, 1909, requiring the proposition to estab-

lish a graded common school district to be approved in writing on petition.

4. Schools and School Districts—Graded Common School District— Description—Sufficiency of.—A description of a proposed graded common school district by farms is sufficient.

5. Schools and School Districts—Graded Common School District— Inclusion of Territory More than 2½ Miles From School House— Effect on Election.—The inclusion in the boundary of a proposed graded common school district of land more than two and one-half miles distant from the school house does not invalidate the election held to establish the district.

6. Schools and School Districts—Graded Common School District —Establishment—Discrepancy Between County Court Order and Advertisement—Effect   on   Election.—Where the County Court order calling for an election for the establishment of a proposed graded common school district fixes the amount of tax to be voted for at 50 cents, and in the advertisement of the election the words "not exceeding" are inserted before the words "Fifty Cents," the change is immaterial and does not affect the validity of the election.

DAVID R. MURRAY and HAL C. MURRAY for appellants.

HENRY DeHAVEN MOORMAN, GUS. BROWN and W. S. BALL for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is an action by certain taxpayers to test the validity of the establishment of the Hardinsburg Graded Common School District No. 4, in Breckinridge County. Plaintiffs asked that the election and all proceedings by which the district was established be declared null and void and that the trustees be enjoined from levying or collecting any taxes for the support and maintenance of the graded common school attempted to be established.   Being denied the relief asked for, plaintiffs appeal.

The petition for the establishment of the proposed graded common school was filed in the Breckinridge County Court on December 22nd, 1913.   The petition was signed by eleven alleged legal voters and taxpayers. The boundary of the proposed graded common school was fixed in the petition as follows:

"Beginning at the Mike Miller farm on the Brandenburg road, not to include, thence to John Squires farm to include, thence to John Kennedy to include, thence

William Hendricks, Sr., to include, thence to J. M. Hook to include, thence to the old David Weatherford farm to include, thence to the R. R. crossing on the Hardinsburg & Leitchfield road, thence with said R. R. to the R. R. Junction, thence to the old Abner Goodman farm to include, thence to the Patrick Teaff's farm to include, thence to Overton Basham not to include, thence to Abe Meador farm not to include, thence to the old Harman farm on the Brandenburg road not to include, thence to the beginning to include all pupil children not excepted above.''

The petition designated the County High School building as the site for the proposed graded common school.

The petition recited that only the boundary of the present Common School District Educational Division No. 1, Sub-district No. 1, was affected by said proposed graded school district.

The proposition to establish the graded common school district was approved in writing on the petition by the County Superintendent of Schools. The petition contains the following:

''I, Dennie Miller, Trustee of Educational Division No. 1, Sub-district No. 1, the boundary of which is the same as the proposed boundary of the Graded Common School District proposed to be established herein, hereby approve the proposition to establish said Graded School District as set forth in the foregoing petition.

''Witness my hand this 22nd day of December, 1913.''

On January 26th, 1914, the county court entered an order directing the sheriff to hold an election at the High School building on Tuesday, March 10th, 1914, between the hours of 6:00 A. M. and 4:00 P. M., for the purpose of taking the sense of legal white voters within the boundary constituting the proposed graded common school district upon the proposition ''whether they are for or against an annual Graded Common School tax in the sum of 50 cents on each $100.00 worth of property'' within the proposed boundary belonging to white citizens and corporations, and in addition thereto an annual poll tax of $1.00 per capita on each white male inhabitant over 21 years of age residing in said district, for the purpose of maintaining a graded common school in said proposed district and for erecting or renting suitable buildings therefor, etc.

The boundary of the proposed district as fixed by the order is the same as the boundary fixed in the petition, with the exception that in the former the Mike Miller farm is described as being on the "Stephensport road" instead of the "Brandenburg road."

The sheriff advertised the election by inserting the whole court order in the newspapers and posting copies thereof at various places. The election was held on March 10th, 1914. The proposition carried by a majority of 64 votes. The election officers signed and certified the results of the election. The examining board canvassed the returns and made a record of their action. The sheriff reported his action to the court.

The statute in force at the time required the petition to be signed by at least ten legal voters who are taxpayers. The petition in this case was signed by eleven persons. Of these only seven paid taxes on property. The other four owned no property, but were poll taxpayers. It is insisted that the statute plainly contemplates that the signers shall be property taxpayers. The precise question was not passed on in the case of Tate v. Board Erlanger Dist., 49 S. W., 337. On the contrary, this court, in Ralls, et al. v. Sharp's Admin., 131 S. W., 1003, recognized the question as an open one and declined to pass on it. Decisions from other States throw but little light on the question, for they are based on the language of particular statutes under consideration. The word "taxpayer" is defined as "One who is assessed and pays a tax"—Webster's International Dictionary; or, "A person chargeable with a tax, one from whom government demands a pecuniary contribution towards its support"—Black's Law Dictionary. Under the statutes, not only a property tax but a poll tax may be voted and levied. There is no language in the statute limiting the meaning of the word "taxpayer." In the absence of such language we must assume that the word is used in its broad sense, of one who is assessed and pays a tax, or one from whom the government demands a pecuniary contribution towards its support. We, therefore, conclude that a poll taxpayer is a taxpayer within the meaning of the statute.

The statute provides that the proposition to establish a graded common school district shall be approved in writing on the petition by a majority of the trustees of any common school district, included wholly or partly

within the boundary of the proposed district. It is insisted that the proposed district includes parts of other common school districts whose trustees did not approve the proposition. It appears from the county court orders and the petition that it was not the purpose of the petitioners to extend the original common school district. On the contrary, it was their purpose to diminish the old common school district. While certain witnesses testified that the proposed district includes portions of other common school districts, that is impossible when the boundaries of the proposed district correspond to those of the old common school district in every respect, with the exception of the omission of two farms included in the old district. That being true, only the approval of the trustee of the old common school district affected was necessary.

But it is insisted that the trustee of the old common school district did not approve the petition. The evidence shows that the County Superintendent delivered the petition to the trustee. At the time the petition was handed to the trustee it contained the following:

"I, _____, Trustee of Educational Division No. 1, Sub-district No. 1, the boundary of which is the same as the proposed boundary of the Graded Common School District proposed to be established herein, hereby approve the proposition to establish said Graded School District as set forth in the foregoing petition.

"Witness my hand this 22nd day of December, 1913."

Instead of signing at the conclusion of the above language the trustee signed his name in the blank space after the word "I." The trustee says that he did not intend to approve the petition. He supposed that it was handed to him as a mark of courtesy because he was the trustee of the old district. If this be true, he makes no satisfactory explanation of his reason for signing his name. If the submission of the paper to him was intended as a mere courtesy, a mere return of the paper would have been all that the requirements of the occasion demanded. Instead of doing this, he returned the paper with his signature thereon. We are not disposed to hold that the same formalities should attend the approval of such a petition as are held to be necessary in the execution of ordinary legal documents. Though he signed his name in the wrong blank, it is clear that it

was his intention to approve the establishment of the proposed graded common school district and that he did approve it.

Complaint is made of the fact that the boundary of the proposed district is too indefinite and that territory more than 2½ miles from the schoolhouse site is included. In reply to the first contention it is sufficient to say that we have frequently held descriptions by farms to be sufficient. Snyder v. Board of Trustees, 142 Ky., 739, 135 S. W., 271; McGinnis v. Board of Trustees, 32 Ky. Law Rep., 1289, 108 S. W., 289; Elliott v. Garner, et al., 140 Ky., 157, 130 S. W., 997; Jackson v. Brewer, 112 Ky., 554, 66 S. W., 396, 23 Ky. Law Rep., 1871. And it is equally well settled that the inclusion of land more than 2½ miles distant from the schoolhouse, though it cannot be taxed, does not invalidate the election. Hundley v. Singleton, 66 S. W., 279, 23 Ky. Law Rep., 2006; Collins v. Masden, et al., 74 S. W., 720, 25 Ky. Law Rep., 81.

Another ground of attack is that the advertisement of the election did not conform to the order of the county court calling the election. The county court's order fixed the amount of tax to be voted for at 50 cents. The order was published in a newspaper and in hand bills. In the advertisement the words "not exceeding" were inserted before the words "Fifty cents." We regard this difference as immaterial, for a vote on a tax not exceeding 50 cents would necessarily carry a tax of 50 cents. Such a vote would give authority to levy a tax either of 50 cents or of a less amount. Especially is this true, in view of the fact that the trustees of any graded common school district where the tax has been voted are given authority to levy and collect a tax in any sum not exceeding the amount voted for in said district. Kentucky Statutes, Section 4482. In other words, the trustees are not required to fix the tax at the limit actually voted, but may fix the tax at any figure not exceeding that limit. Eakins v. Eakins, 20 S. W., 286.

Other irregularities are relied on, but we deem it unnecessary to discuss them. It is sufficient to say that a careful consideration of all the proceedings, both before and after the election, convinces us that there was no substantial departure from the plain requirements of the statute.

Judgment affirmed.