# North East Coal Co., Inc., et al. v. Johnson County Fiscal Court et al.

Oct. 18, 1940.

J. F. Bailey, Judge.

Meade & Meade for appellants.

R. B. Harrington and Wheeler & Wheeler for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The judges of the election certified to the Johnson County Board of Education, hereinafter referred to as the Board, that the result of an election held on January 13, 1940, as provided by Section 4399-12, Kentucky Statutes, in subdistrict number 21 in Johnson County, was 84 in favor of an annual tax of seventy-five cents on each one hundred dollars of taxable property in this subdistrict and 83 against the tax. The Board in due form made demand upon the fiscal court to levy the tax.

The three appellants, hereinafter referred to as plaintiffs, are all corporations owning property in this subdistrict subject to the tax voted, and they filed their petition in equity seeking an injunction against the members of the fiscal court from levying the tax and against the sheriff from collecting it.

The plaintiffs aver that the petition requesting the Board to call the election was not signed by forty percent of the voters of the subdistrict as required by the second rhetorical paragraph in Section 4399-12, Kentucky Statutes; that certain disqualified and illegal voters were allowed to vote in the election and they cast their ballots for the tax and through fraud or mistake the judges of the election certified the result as being 84 votes favoring the tax and 83 against it, when it should have been certified by them that 84 votes were cast against the tax and 78 in favor of it; through further fraud or mistake the judges certified that Mrs. L. C. Gamble's vote was recorded as being in favor of the tax when she voted against it. The answer was a traverse. The chancellor refused the injunction, dismissed the petition and the plaintiffs appeal.

There are but two questions argued in the briefs: (1) Did the petition requesting the Board to call the election contain the names of forty percent of the voters of the subdistrict; (2) did the judges of the election through fraud or mistake wrongfully certify the result of the election to the Board?

It is not necessary to discuss the question of whether or not the petition requesting the Board to call the election contain the names of forty percent of the voters in the subdistrict, because the Board had the authority under the first rhetorical paragraph of Section 4399-12, Kentucky Statutes, to submit to the voters within the subdistrict the proposition of levying the tax. On petition of forty percent of the voters of the district it became the duty of the Board to call such an election. Since the Board was not resisting the calling of this election, and had authority to call same on its own volition, it is immaterial as to how many names of voters of the subdistrict appeared on the petition. Ex parte County Board of Education of Montgomery County, 260 Ky. 246, 84 S. W. (2d) 59.

Section 1596a-17, Kentucky Statutes, provides:

"Any qualified elector may, as herein provided, contest an election, or demand a recount of ballots cast, on any bond issue or other public question that may be submitted to the voters of any county, city or district, for their approval or rejection. Any elector having the right to vote on the question submitted, and having voted thereon, may within thirty days after the election, file a petition against the county, city or district in which the election was held setting forth the grounds of the contest, or reasons for requesting a recount, with the Circuit Clerk of the county in which the election was held. * * *."

Here the plaintiffs are corporations, hence, not being electors, they have no right of contest. It is admitted by counsel for plaintiffs that the right to contest an election is statutory and in the absence of such authority no contest may be filed. Patterson v. Knapp, 125 Ky. 474, 101 S. W. 379, 31 Ky. Law Rep. 108; Prewitt v. Caudill, 250 Ky. 698, 63 S. W. (2d) 954. Therefore they brought this injunction suit. But to determine whether or not Mrs. Gamble voted for or against the tax, and to determine whether or not the persons named in the petition were qualified or legal voters, and as to how they voted, would of necessity require a court of equity to hear an election contest. The legislature has not seen fit to confer the power on the plaintiffs to contest this election, nor can a court of equity in a suit to enjoin the levy and collection of this tax pass on the questions raised as to whether or not certain persons were legal voters, and as to how they voted, or pass on the question as to whether or not Mrs. Gamble cast her vote for or against the tax. Such questions are for the decision of courts with jurisdiction to try election contests. Elliott v. Garner, 140 Ky. 157, 130 S. W. 997; Gabbard v. Roberts, 220 Ky. 480, 295 S. W. 438.

The plaintiffs rely upon Riggs v. Stevens, 92 Ky. 393, 17 S. W. 1016, 13 Ky. Law Rep. 631. In that case the petition alleged that the three members of the examining board through fraud or mistake certified that a majority of the qualified electors of the district voted in favor of the tax when such was not the correct result of the election. While in the case at bar it is alleged that by reason of fraud or mistake on the part of the election judges, persons were allowed to vote who were not entitled to the ballot, and through fraud or mistake

they certified the vote of Mrs. Gamble as favoring the tax when she voted against it. It appears from an exhibit filed with the petition that Mrs. Gamble first voted against the tax, then crossed it out and voted for the tax. There is a vast distinction between the officers of an election falsely or fraudulently certifying the result thereof and such officers allowing illegal voters to cast their ballots, or in erroneously determining how Mrs. Gamble's vote should be counted. The former may be reached by an injunction, but the latter can only be reached by a contest. The Riggs case held that a court of equity would not undertake to investigate the legality of votes or purge the poll-books, but that it would correct a fraud or mistake on the part of the officers certifying the results.

The petition in the instant case does not allege that the officers through fraud or mistake erroneously certified the result of the election, but it alleges that through fraud or mistake they allowed illegal votes to be cast, and through fraud or mistake counted Mrs. Gamble's vote for the tax when they should have counted it against the tax. It is apparent the petition stated grounds for a contest rather than grounds for an injunction, and we have seen that a court of equity has no inherent jurisdiction to try election contests.

The chancellor did not err in refusing the injunction and in dismissing the petition, and the judgment entered by him is affirmed.