**William H. LYON, Suing as a Citizen and Taxpayer of Magoffin County, Kentucky, etc., Appellants,**

v.

**Ray HOLBROOK, County Judge of Magoffin County, Kentucky, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 10, 1958.

Joe Hobson, Prestonsburg, for appellants.

Paul E. Hayes, Prestonsburg, Arnett Mann, Salyersville, for appellees.

CULLEN, Commissioner.

An election was held in Magoffin County on the question of issuing bonds for the

construction of a new courthouse and jail. The result of the election, as certified by the election commissioners, showed that the question had failed to receive the required two-thirds' majority of favorable votes (Ky.Const. sec. 157). Recount proceedings were instituted, as a result of which a judgment was entered declaring that the question had carried by the required number of votes. One William H. Lyon, suing as a taxpayer and on behalf of all other taxpayers of the county, then brought the action now before us, in which he sought to have the recount judgment declared void. His complaint was dismissed, and he has appealed.

Lyon's complaint set forth various procedural irregularities in the recount proceedings which he alleged made the recount judgment void, and he further alleged that the persons designated by the court to conduct the recount had reported to the court a fraudulent recount. His complaint was dismissed on the ground that the recount judgment was res judicata.

We think the controlling question is whether Lyon, as a *taxpayer*, has any standing in court to question the recount judgment.

■ The recount proceedings were conducted under KRS 122.140. This statute authorizes the bringing of an action to contest or for recount of an election on a public question by "Any elector who was qualified to and did vote" on the question. The statute further provides that if the county, city or district affected fails to defend the action, any "elector" may intervene as a defendant.

■ Lyon, solely as a *taxpayer,* would have had no right to bring a contest or recount proceeding, or to intervene in one

brought by an elector. North East Coal Co. v. Johnson County Fiscal Court, 284 Ky. 121, 143 S.W.2d 1061. Solely as a taxpayer, he did not even have a right to vote in the election. Ky.Const. sec. 145. Since he had no right of contest or recount, or even of vote, we can conceive of no basis upon which he could assert a justiciable interest in the results of a contest or recount proceeding. If fraud was committed in the recount proceeding, or if the court had no jurisdiction to render the recount judgment, this is a matter of which only voters or authorized parties can complain.

■ Lyon maintains that the recount statute, in denying to a taxpayer the right to bring or participate in a recount proceeding involving an election on the question of incurring a public debt, is unconstitutional. He cites no authority for this proposition, and indeed we believe there is none. If, as is beyond question, a taxpayer as such has no right to vote on a question of incurring a public debt, then there is no foundation upon which to rest a right for him to contest or demand a recount of the results of the election.

■ The right to contest an election is purely statutory. Colvin v. Mills, 214 Ky. 812, 284 S.W. 115; Gross v. Ball, 258 Ky. 730, 81 S.W.2d 409. There is no inherent power in the courts to pass upon the validity of elections or to try contested elections. Patterson v. Knapp, 125 Ky. 474, 101 S.W. 379; Pflantz v. Foster, 155 Ky. 15, 159 S. W. 641; Cole v. Ridings, 271 Ky. 158, 111 S.W.2d 605; Wilson v. Town of Whitley, 159 Ky. 69, 166 S.W. 775.

For the reasons stated, it is our opinion that the court properly dismissed the complaint.

The judgment is affirmed.