**Marvin E. DUVALL, Appellant,**

v.

**Edwin ("Pete") GATEWOOD et al., Appellees (two cases).**

Court of Appeals of Kentucky.

Oct. 12, 1973.

Max M. Smith and William H. Gorin, Stites, McElwain & Fowler, Frankfort, for appellant.

Joseph J. Leary, Edward · F. Prichard, William A. Young, Frankfort, for appellees.

VANCE, Commissioner.

These are appeals from a judgment of the Franklin Circuit Court which disposed of two civil actions which had been consolidated for the purpose of hearing. The controversy arose out of the Primary Election to select the Democratic nominee for Magistrate in the Third Magisterial District in Franklin County.

The appellee, Edwin Gatewood, received the highest number of votes as recorded by the voting machines. It appears however that the voting machines in seven precincts were improperly adjusted so that a voter might cast a ballot for more than one can-

didate in the race. As a result 2,654 voters cast a total of 2,794 votes or 140 more votes than voters. Only 72 votes separated the three candidates with the highest totals, one of whom was the appellant, Marvin Duvall.

On the 15th day following the election appellee Gatewood filed an action for mandamus seeking to require the Franklin County Board of Elections to issue to him a certificate of election. On that same date appellant filed an action contesting the election and in addition thereto he intervened in the mandamus suit.

The trial court was of the opinion that the determination of the contest action would dispose of the entire controversy and therefore heard the two cases together.

On July 10, 1973, judgment was entered which dismissed the election contest action and which granted mandamus in the action which sought to compel the issuance to Gatewood of a certificate of election.

Appellant, Duvall, filed notice of appeal from the final judgment in both actions on August 1, 1973, and the record was filed in this court September 12, 1973.

We are confronted at the outset with a motion to dismiss the appeals because they were not prosecuted in timely fashion and the record was not filed in this court within ten days of the entry of the judgment as required by KRS 122.040.

The appellant seeks to avoid the statutory time limitations applicable to appeals in election contests upon the ground that the contest was tried with the mandamus action and the two actions were disposed of in one judgment. He therefore claims the benefit of the longer time to perfect the appeal which would have been available in an appeal from the judgment granting mandamus.

 The time for perfecting appeals in election contests has been limited by the legislature for the reason that such contests need to be disposed of as quickly as possible in order not to disturb the orderly process of elections. The time limitations are mandatory and the court is without jurisdiction to entertain an appeal in an election contest which does not comply with the requirements as to time. The time for appeal cannot be extended through consolidation of a contest action with another action in which a longer time is granted in which to perfect an appeal.

This court is of the opinion that the appeal from the judgment of the Franklin Circuit Court in the election contest action should be dismissed. The dismissal of that appeal leaves no contest with regard to the outcome of the election. It follows therefore that the Franklin Circuit Court correctly ordered the issuance of an election certificate to appellee, Gatewood. That judgment remains in effect with the dismissal of this appeal.

All concur.