**Joe CLARK, Appellant,**

v.

**Ernest MASON, the Board of Elections of Rockcastle Co., Clyde Barnett, Victor Hysinger, Manuel Shepherd, and Money Ed Cummins, Appellees.**

Court of Appeals of Kentucky.

May 25, 1979.

Carl R. Clontz, Clontz & Cox, Mount Vernon, for appellant.

Charles R. Coy, Coy & Coy, Richmond, for appellee Ernest Mason.

Before MARTIN, Chief Judge, and HOWERTON and LESTER, JJ.

MARTIN, Chief Judge.

This is an appeal based in part on a procedural error by the trial court in an election contest action involving the office of Magistrate in the Fifth Magisterial District of Rockcastle County. We think the procedural issue raised by appellant will be dispositive of this appeal.

Mr. Mason filed his petition on November 17, 1977, requesting a recount and contesting the election pursuant to KRS 120.155. This statute sets out the procedure to follow in a contest of a regular election and provides that evidence in chief for the contestant must be completed within thirty days after service of summons. Although we have not been informed by either party

of the date of actual service of process, we can assume, since the matter was not raised in the briefs and since the record before us does not contain a dated return of service of process, the summons was served shortly after the November 17 filing of the petition thus commencing the thirty-day period near to that date. The statute further states the court may grant a reasonable extension to this thirty-day period for cause shown.

On December 15, 1977, the court entered an order assigning the contest action for trial on December 28, 1977, and appellant objected and moved for dismissal for failure to hear proof in this action within the thirty-day period as prescribed by statute.

By order of December 29, 1977, the trial court overruled this motion and relied on the fact that the case was assigned to the December 28, 1977 trial date on December 15, which was within the statutory time frame. At the time of its denial of this motion the trial court stated:

> ". . . and the court being of the opinion that plaintiff-contestant timely moved the Court to assign this cause for trial and no extension of time was necessary."

From this it is evident that the trial judge was under the mistaken belief that because the case was assigned for trial within the thirty-day period, it was not necessary that the court make a finding as to just cause for an extension of time beyond the statutory limitation. We think a ruling on just cause for granting an extension of time is mandatory under the statute, and the court here erred when it failed to so rule.

The statute could not be more clear in pointing out the importance of quick decision-making in an election contest. The statute specifically states that the court shall complete the case as soon as practicable and that this action shall take precedence over all other cases. The Court of Appeals has stated in an election contest case that statutory limitations as to the time within which pleadings may be filed and proof taken should be strictly enforced. *Ward v. Story*, Ky., 258 S.W.2d 515 (1953).

The judgment of the Rockcastle Circuit Court is reversed, and the court is directed to dismiss the petition contesting the election of Joe Clark.

All concur.