**Billy W. STEARNS, Appellant,**

v.

**Ned DAVIS, Appellee.**

**James O. SHELLEY, Appellant,**

v.

**Blene ASBERRY, Appellee.**

Court of Appeals of Kentucky.

Dec. 27, 1985.

Reconsideration Denied Feb. 18, 1986.

Discretionary Review Denied by Supreme Court April 22, 1986.

Elmer P. Heist, Burkesville, for appellants.

Hile Pritchard, Eddie C. Lovelace, Thomas E. Carroll, Albany, for appellees.

OPINION AND ORDER DISMISSING

Before HAYES, C.J., and GUDGEL and WHITE, JJ.

WHITE, Judge.

These consolidated appeals arise from judgments entered by the Clinton Circuit Court in two election contests filed in school board elections held during November of 1984. The cases are closely related in that the improprieties alleged were very similar and the contestants have been represented by the same attorney throughout this litigation. The contestants sought to

raise various alleged violations of the Kentucky Corrupt Practices Act, the legality of support alleged to have been given the contestees by the school superintendent, and alleged wholesale violations of the procedure governing absentee balloting. The circuit court resolved all issues adversely to the contestants and upheld the elections. The contestants have appealed.

Both these appeals must be dismissed for failure to timely appeal the judgment entered by the circuit court. Neither side has briefed this issue. However, the Court must raise the question on its own, since the timely filing of the notice of appeal is jurisdictional.

KRS 120.175 directs that appeals in general elections be prosecuted in the same manner as that provided in KRS 120.075 for appeals in the contest of a primary election. KRS 120.075 requires a person aggrieved by a circuit court judgment in an election contest to file a notice of appeal, execute a supersedeas bond, and file the record in the Court of Appeals, all within ten days of the entry of the judgment in the election contest.

In neither of these consolidated appeals were the required steps taken within ten days of the *judgment appealed from.*

1. Shelley Appeal. In the contest initiated by James O. Shelley, the judgment was entered on February 16, 1985. On February 26, counsel for Shelley served motions to alter and amend the judgment and to amend the findings of the court and to make more specific findings. On March 21, 1985, the circuit court entered two separate documents. The first was an order denying the motion to alter and amend the judgment. The second was headed "additional findings of fact and order." In that second document, the circuit court made additional findings of fact and incorporated those findings into the February 16 order. Notice of appeal was filed by counsel for James O. Shelley on April 1, 1985. A supersedeas bond was filed that same date.

2. Stearns Appeal. In the election contest filed by Billy W. Stearns, the circuit court entered a directed verdict dismissing Stearns' complaint on March 1, 1985. On March 11, counsel for Stearns served a motion to vacate judgment, which was overruled orally on March 21. The record on appeal does not contain a formal order denying the motion. The notice of appeal was filed by Stearns on April 1, 1985.

In civil cases, the time for the filing of a notice of appeal is governed by CR 73.02. Subparagraph (1)(e) of that rule provides that certain motions under Rules 50, 52, and 59 terminate the running of time for the filing of a notice of appeal and that the time begins to run in full from the date that such motions are ruled on. The statute governing the time for the taking of an appeal in an election contest does not contain any such provision. Indeed, the statutes governing the procedure in an election contest (KRS 120.065 and KRS 120.165) make no provision for such post-judgment motions.

The time limitations set out by the statute must be strictly enforced by the Courts.

> The time for perfecting appeals in election contests has been limited by the legislature for the reason that such contests need to be disposed of as quickly as possible in order not to disturb the orderly process of elections. The time limitations are mandatory and the court is without jurisdiction to entertain an appeal in an election contest which does not comply with the requirements as to time.

*Duvall v. Gatewood,* Ky., 500 S.W.2d 416, 417 (1973).

We specifically hold in these appeals that the filing of post-judgment motions in the circuit court does not stay the time for the taking of an appeal under KRS 120.075. This holding is consistent with the legislatively imposed mandate that election contests be disposed of as quickly as possible to preserve the integrity and finality of the electoral process.

Section 153 of the Constitution of this Commonwealth gives to the General Assembly the exclusive power to provide

for the trial of contested elections. "There is no inherent power in the courts to pass upon the validity of elections or to try contested elections." *Lyon v. Holbrook,* Ky., 316 S.W.2d 862, 863 (1958), and the cases cited therein. Election contests must be practiced in strict conformity with the legislatively mandated procedures. *Duvall v. Gatewood, supra.* The statutes governing procedure in an election contest provide definite time limits which are mandatory. "The statute could not be more clear in pointing out the importance of quick decision-making in an election contest." *Clark v. Mason,* Ky.App., 596 S.W.2d 16, 17 (1979). The Courts are without authority to ignore the legislatively mandated deadlines.

▪ It is with considerable regret that we must turn away from this appeal and leave the issues presented unanswered. Considerable time and money has been invested in the preparation of the record in this appeal and in the presentation of briefs. However, the appellants' failure to properly invoke the jurisdiction of · this Court by the timely filing of a notice of appeal under KRS 120.075 prevents us from reaching the merits of the issues presented.

For the reasons stated above, the Court orders that both these appeal be, and they are hereby, dismissed. So much of this Court's order of June 6, 1985, granting oral argument in these appeals is hereby set aside.

All concur.