**Donnie NEWSOME, Appellant,**

v.

**Mike HALL, Appellee.**

**No. 2005–CA–000993–MR.**

Court of Appeals of Kentucky.

July 22, 2005.

Steven S. Reed, J. Kent Wicker, Louisville, KY, for Appellant.

Michael S. Endicott, Paintsville, KY, for Appellee.

Before HENRY, JOHNSON, and MINTON, Judges.

*OPINION*

JOHNSON, Judge.

Donnie Newsome has appealed a judgment of the Knott Circuit Court ordering his removal from the office of Judge Executive for Knott County. The removal was ordered as a result of an election contest filed in 2004 alleging campaign finance law violations by Newsome in the 2002 Democratic Primary. The contest was filed by appellee Mike Hall who opposed Newsome in that primary.

On appeal, Newsome alleges that the trial court erred in considering an election contest filed after the ten days allowed by KRS 120.055, that the contest was precluded by Hall's own violations of the corrupt practices provisions set out in KRS 120.015, and that the illegal campaign contribution did not support the order of removal. Because we find that the contest under KRS 120.055 had to have been filed within ten days of the date of the election, we reverse.

In 2002, Newsome successfully sought reelection to the office of Judge Executive for Knott County, an office to which he had first been elected in 1998. In 2003, Newsome was convicted of federal crimes involving vote buying during the 1998 election campaign. Those convictions are still on appeal, but Newsome has already served a federal prison term for the convictions.

While in federal custody, Newsome began cooperating with federal authorities and eventually testified at a federal criminal trial that during his 2002 Democratic primary, he had received contributions of $8,000 in cash from a party and that those contributions were falsely reported as having come from Newsome himself. These acts would appear to be clear violations of KRS 121.150(3) and (6).

In the 2002 primary, Newsome was opposed by appellee Mike Hall. Newsome won the bitterly contested race by 520 votes. Newsome then easily defeated an independent candidate in the November general election. After learning of Newsome's federal court testimony which occurred on September 2, 2004, Hall filed a petition to contest the results of the 2002 primary on September 27, 2004, in Knott Circuit Court.

Newsome moved the circuit court to dismiss the election contest on the ground that it was untimely since it was not filed within ten days of the election as required by KRS 120.055. By interlocutory order entered January 11, 2005, the trial court denied the motion to dismiss. The trial court ruled that the allegations of concealed fraud called for the application of the five-year limitation of KRS 413.120(12) for actions "for relief or damages on the ground of fraud or mistake." The trial court reasoned that application of the ten-day limitation in KRS 120.055 would leave Hall without a remedy for Newsome's fraud.

 The problem with the trial court's analysis is that Hall's petition was filed as an election contest under KRS 120.055. The courts of this Commonwealth have repeatedly held that the courts have no inherent authority to try election matters. That authority must be expressly given by the legislature. *Prewitt v. Caudill,* 250 Ky. 698, 63 S.W.2d 954 (1933); *Harrison v. Stroud,* 129 Ky. 193, 110 S.W. 828 (1908); *Stearns v. Davis,* 707 S.W.2d 787 (Ky.App. 1985). KRS 120.055 permits an election contest to be filed in the circuit court but requires that the contest be filed within ten days. The statute even prohibits either party from adding new grounds for the contest or making a ground more specific after the time allowed for the original pleading has run. There is no provision allowing the court to apply any other time limitation no matter what the ground of the contest. KRS 413.120(12) has no application in an election contest.

 Hall does not assert and cannot assert a right to the office on his own behalf. He only seeks to have Newsome removed from office. KRS 121.990(4) would appear to offer the remedy of removal for violations of KRS 121.150 in an action which can be initiated by "any qualified voter" (among others). However, even though the statute was relied on by the trial court in its summary judgment, the application of that statute was never sought by the petitioner and the issues inherent in that statute were never presented to the trial court. For example, the trial court was never given the opportunity to address what is meant in KRS 121.990(4) by the phrase "upon a final judicial determination of guilt" or whether such a prior determination must be made as a prerequisite to filing an action for removal under the statute. Since these issues were never argued to the trial court, we do not need to reach them in this appeal.

Accordingly, we hold that the petition filed by Mike Hall was filed beyond the ten-day period permitted by KRS 120.055 and was time-barred. Thus, the circuit court erred in denying the motion to dismiss, and the judgment of the Knott Circuit Court is reversed.

ALL CONCUR.