## Scott County Board of Education, et al. v. Steele.

(Decided March 2, 1926.)

### Appeal from Scott Circuit Court.

1. Injunction—Mandamus.—Duty of county of residence under Ky. Stats., section 4526b-5, to pay high school tuition in another county, may be enforced by mandamus or mandatory injunction.

2. Injunction.—Father may bring action in his name to compel county to pay daughter's tuition under Ky. Stats., section 4526b-5, where high school of another county is more convenient.

3.  Appeal and Error—In Action to Compel County to Pay Tuition, Question of Defect of Parties Not Raised in Lower Court Held Not Available on Appeal (Ky. Stats., Section 4526b-5; Civil Code of Practice, Section 92, Subd. 4, and Section 118).—In action to compel county to pay high school tuition in another county under Ky. Stats., section 4526b-5, objection that such high school was not made party held not available on appeal, where question of such defect of parties had not been raised either by special demurrer or answer, in view of Civil Code of Practice, section 92, subd. 4, and section 118.

H. C. FORD for appellants.

BRADLEY & BRADLEY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Arthur Steele brought this action against the county school superintendent and the members of the Scott county board of education to require them to pay the tuition of his daughter, who is attending the Midway high school located in Woodford county. The defendants having declined to plead further after their demurrer to the petition was overruled, the court granted a mandatory injunction and defendants have appealed.

The facts pleaded are these: Plaintiff, who is a citizen and taxpayer of Scott county, lives near the Woodford county line. The nearest high school maintained by Scott county is about 7¾ miles from his residence, while the high school at Midway is only about 4 miles distant. The road leading to the Scott county high school is in bad repair, while the road to Midway is in excellent condition. About the time for going to school in the morning a bus passes his home and goes to Midway and returns at a convenient time in the afternoon. He has a daughter about 16 years of age, and it is much more convenient for her to attend the high school in Midway than to go to the high school in Scott county.

Section 4526b-5, Kentucky Statutes, is as follows:

"That where an approved high school already exists that any high school pupil shall have the privilege of attending the school in the county which is most convenient; and that the county in which he resides shall pay the tuition of said pupil at the same rate as fixed for other high school pupils in said county."

The statute nas not been changed or modified by any subsequent act. It was enacted to enable children to attend the most convenient high school, though located in another county, and to require the board of education of the county of their residence to pay their tuition. Here it is admitted that the high school in Midway, Woodford county, is much more convenient than any high school in Scott county. In such a case the Scott county board of education has no discretion in the matter. It is under the duty to pay the tuition at the same rate as fixed for other high school pupils in Scott county, and there can be no doubt that this duty may be enforced by mandamus or mandatory injunction.

But the point is made that the Midway high school should have brought the suit or have been made a party to the action. There can be no doubt that plaintiff's interest as father of the child concerned was such as to authorize the action to be brought in his name, and, as the question of defect of parties was not raised either by special demurrer or answer, the objection that the Midway high school was not made a party was waived, and is not available on appeal. Section 92, subsection 4, and section 118, Civil Code. McAllister v. Savings Bank, 80 Ky. 684; Hall v. Cumberland Pipe Line Co., 193 Ky. 728, 237 S. W. 405.

On the whole, we conclude that the court did not err in granting the relief prayed for.

Judgment affirmed.