## Oldham County Board of Education v. Schuler.

(Decided October 26, 1926.)

### Appeal from Oldham Circuit Court.

1. Schools and School Districts—Evidence Showing Roads to School in Another County were Better than Those to School Within County Held to Sustain Decree Requiring Payment of Tuition by

County of Student's Residence    (Kentucky   Statutes,   Section
4526b-5).—Under Kentucky Statutes, section 4526b-5, requiring
county of residence to pay tuition of student attending most con-
venient school, evidence that roads to school in another county
were in better condition than those to school within county held to
sustain decree for tuition.

2.   Schools and School Districts—Judgment Requiring County to Pay
Tuition of Student Attending School in Another County for Each
Succeeding Year of Attendance Held Erroneous, as Disregarding
Possibility of Future Conditions Affecting Convenience (Kentucky
Statutes, Section 4526b-5).—Under Kentucky Statutes, section
4526b-5. judgment requiring county to pay tuition of student at-
tending high school in another county for each succeeding year of
attendance as most convenient school held erroneous, as closing
to future question of convenience of attendance which might there-
after be affected by changed conditions.

J. BALLARD CLARK for appellant.

ROBERT T. CROWE and WILLIAM J. CROWE for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing in part and affirming in part.

Appellee, Edwin Schuler, a resident of Oldham
county, Kentucky, instituted this action against appel-
lant, Oldham county board of education, to compel it to
pay the tuition of his daughter who is attending the
Anchorage high school, in Jefferson county, Kentucky,
at least to the extent of the rate paid by it for high school
pupils attending Oldham county high schools.   Upon the
trial below the chancellor granted appellee the relief
sought, and the appeal is prosecuted from that judgment.

The facts are these: The pupil in question is eligible
to high school education at the expense of Oldham
county.   It is 7 3/10 miles from appellee's home to the
nearest high school in Oldham county.   It is seven
miles from her home to the Anchorage high school in
Jefferson county.   The road from her home to the latter
high school is the highest type of surface treated high-
way, "a boulevard," as most of the witnesses describe
it.   Four miles of the road from her home to the high
school in Crestwood, which lies within Jefferson county,
is a high type of road.   The 3 3/10 miles of the road
lying within Oldham county, though passable, is shown
by the great weight of the evidence to be a worn-out mac-
adam highway, exceedingly rough.   The following quoted

from the direct examination of one of appellant's witnesses seems fairly to represent the condition of that end of the road:

"Q. What is the condition of the Oldham county end of it, that is, from Squire Malone's to Crestwood? A. Well, part of it is in fair condition and part of it is pretty rough. Q. Which part of it is rough? A. Well, it is all on the average of Oldham county roads, that is generally, but from there on to pretty near Crestwood it is pretty rough. Q. That part of the road that you speak of, is a pike or rock road? A. Well, a rock road, good rock bottom. Q. What causes the roughness, the lack of surfacing and small rock on the road? A. Yes, sir. Q. Of course, they are not as good as the Jefferson county part? A. Nothing like. Q. It is not an impassable road? A. No, sir, you could not call it impassable. Q. Can you go over it all right in an automobile? A. Yes, sir. Q. You would not call it a first-class road? A. No, sir. Q. with the possible exception of the hill from Barnett's place, could you drive in high speed over the road in an automobile? A. By taking it slow you could. Lots of those places you have to slow down, if you don't you might stay in the machine and you might not. Q. Can you travel over the road without injury to yourself or to your car? A. I could not say it would do your machine any good traveling over it, that is in proportion to Jefferson county; I would rather go three miles in Jefferson than one in Oldham. Q. I believe you said compared with Jefferson county roads this road we have been discussing would not be considered in any sense a first-class road? A. No, sir."

The evidence further establishes that the highway from appellant's home to the Oldham county high school at Crestwood is infrequently traveled, while that from her home to the Anchorage high school is a much traveled highway, and that facilities for the transportation of the pupil from her home to the Anchorage high school are much more easily and cheaply to be secured than from her home to the Crestwood high school. The high schools at the two places are shown to be equal in rank and standing.

The statute in question was quoted and construed by this court in Scott County Board of Education v. Steel, 213 Ky. 343, where it was said:

"The statute has not been changed or modified by any subsequent act. It was enacted to enable children to attend the most convenient high school, though located in another county, and to require the board of education of the county of their residence to pay their tuition. Here it is admitted that the high school in Midway, Woodford county, is much more convenient than any high school in Scott county. In such a case the Scott county board of education has no discretion in the matter. It is under the duty to pay the tuition at the same rate as fixed for other high school pupils in Scott county, and there can be no doubt that this duty may be enforced by mandamus or mandatory injunction."

Under the facts of this case it can not be said with reasonable certainty that the chancellor erred in adjudging that the Anchorage high school is the "most convenient" for the pupil in question, within the meaning of section 4526b-5, Kentucky Statutes; and that appellant, the Oldham county board of education, must pay at the rate of $50.00 per year on her tuition at the Anchorage high school, that being the rate fixed for other high school pupils in Oldham county. They rather seem to sustain the judgment.

We find, however, that the judgment rendered below went too far in that it adjudged that appellant pay that rate on the tuition of the pupil in question "for each succeeding year that plaintiff's child attends said school." The question may not thus be closed as to the future. A change in the road and other conditions now obtaining may occur which would establish that it is not "most convenient" within the meaning of the statute, supra, for the pupil in question to attend the Anchorage high school.

The judgment, therefore, will be reversed for modification to the extent indicated and affirmed in all other particulars.

Affirmed in part and reversed in part.

Whole court sitting.