# Beck v. Lyon County Board of Education.

(Decided December 7, 1926.)

## Appeal from Lyon Circuit Court.

1. Schools and School Districts—Board of Education of Home County Must Pay Tuition of Pupil at More Convenient High School in Adjoining County (Kentucky Statutes, Section 4526b-5).—Where high school in adjoining county is more convenient to pupil entitled to attend high school than any high school in county of pupil's residence, board of education of latter county must pay pupil's tuition at high school in adjoining county, in view of Kentucky Statutes, section 4526b-5.

2. Schools and School Districts—Pupil Need Not Attend High School in Home County, where There is More Convenient School of Equal Rank in Adjoining County (Kentucky Statutes, Section 4526b-5).—High school pupil is not required to attend high school in his home county, if there is a more convenient high school of equal rank in an adjoining county to which he may go, in view of Kentucky Statutes, section 4526b-5.

3. Schools and School Districts—Whether High School in Adjoining County is More "Convenient," Under Statute, Depends on Distance, Character of Roads, and Means of Transportation (Kentucky Statutes, Section 4526b-5).—Whether high school is more "convenient," under Kentucky Statutes, section 4526b-5, providing that pupil may attend more "convenient" high school in adjoining county, depends on distance, character of roads, and means of transportation.

4. Schools and School Districts—Better and Shorter Road to High School in Adjoining County, Making it More Convenient, Required Board of Education of Home County to Pay Pupil's Tuition in Adjoining County (Kentucky Statutes, Section 4526b-5).—Where road to high school in adjoining county, 6½ miles from pupil's residence, was better than road to high school in home county, 7 miles from pupil's residence, board of education of home county was required to arrange with board of education of adjoining county for pupil's tuition, in view of Kentucky Statutes, section 4526b-5.

5. Schools and School Districts—Board of Education of Home County was Not Required to Pay Pupil's Tuition in Adjoining County Before Date of Application (Kentucky Statutes, Sections 4526b-1-4526b-5).—Board of education of county of pupil's residence was not required to pay pupil's tuition at more convenient high school in adjoining county for period he had attended before date of application asking board to pay tuition, in view of Kentucky Statutes, sections 4526b-1-4526b-5.

R. W. LISANBY and T. T. HANBERRY for appellant.

J. SIKE HODGES, N. W. UTLEY and C. C. MOLLOY for appellee.

Opinion of the Court by Judge Sampson—Reversing.

Appellant, Beck, instituted this action in the Lyon circuit court against the Lyon county board of education to obtain a mandatory order requiring the board to forthwith assemble and enter an order upon its records directing the payment of the tuition of his two sons, high school students, to the board of education of Caldwell county, the high school of which county the two sons of appellant had attended and were attending. The board of education filed a traverse. Upon hearing the trial court adjudged that the plaintiff's petition be dismissed and that the appellee, board of education, recover from the plaintiff its cost in the action expended. From that judgment this appeal is prosecuted by Beck. He lives in Lyon county and within about 100 yards of the line between Caldwell and Lyon counties. His home is about seven miles from Eddyville, the county seat of Lyon county, the place where the high school of the county is located, and about six and a half miles from Princeton, the county seat of Caldwell county, at which place is situated a high school to which his two sons go and had been going for some months before the commencement of this action. When he failed to pay the tuition, $5.00 per month, the board of education of Caldwell county sued Beck and recovered a judgment. In that action he attempted to defend upon the ground that he had elected to send his sons to the high school at Princeton because it was the most convenient to his residence, and it was the duty of the county board of education of Lyon county, under section 4526b-5, to pay the tuition of his sons at the Princeton high school, but this plea was held invalid and judgment entered against him. He then gave notice to the board of education of his desire to send his sons to the Princeton high school and the board of education of Lyon county held a meeting at which it made and entered the following order:

"This day came W. H. Beck and requested that this board enter into a contract with the school board of the Princeton high school, located at Princeton, Kentucky, and thereby provide that the necessary tuition for his son (E. N. Beck), child or children, be paid by this board to the said Princeton high school.

"The board carefully considered the matter, and it appearing that the said W. H. Beck is a citizen and resident of Lyon county, and that he resides about the same distance from the Eddyville high school, in Lyon county, Kentucky, that he does from the Princeton high schood, and this board having for several years and now being under contract with the high school located at Eddyville to furnish free high school pupils of this (Lyon county), and that it is no more convenient for said W. H. Beck's child or children to attend the Princeton high school than to attend the Eddyville high school, and it is ordered by this board that said request be declined and denied."

Thereupon appellant, Beck, instituted this action for a mandatory order. The court heard evidence upon the question of the convenience of the two schools. Summed up, the evidence shows that the road from the home of appellant to the county seat of Lyon county, a distance of about seven miles, is an ordinary dirt road for part of the way and gravel road the balance of the way; that the dirt road after rains becomes impassable, and there are one or more creeks that have to be forded, which creeks, when the water is at tide, are dangerous to ford. Sometimes back water covers the road at certain points so as to make it impassable. The other road leading from appellant's home to Princeton, the county seat of Caldwell county, is a macadam road, in good condition, and there is no creek to ford. Manifestly it is much easier and more convenient to go from appellant's home to the high school at Princeton in Caldwell county, a distance of about six and one-half miles, over a good road than it is to travel from his home over a bad road, a distance of seven miles, to Eddyville, at which point the Lyon county board of education maintains a high school. Giving a fair and reasonable interpretation to section 4526b-5, Kentucky Statutes, we must hold that where there is an approved high school in existence in an adjoining county which is more convenient to the pupil entitled to attend high school, than any high school in the county of the pupil's residence, it becomes the duty of the board of education of the county of the residence of the pupil to arrange for and pay the tuition of the pupil at the most convenient high school in the adjoining county. In the instant case it is admitted that the children of appellant, Beck, were entitled to attend high school, and further

that it was the duty of the board of education of Lyon county to arrange for them to attend high school, but it is denied that the Beck children had a right to attend high school in Princeton, Caldwell county, when there was a high school of equal rank at the county seat of Lyon county, a point of not much greater distance. The statutes provide that a high school pupil shall have the privilege of attending the most convenient school in either county. He is not required to attend a high school in his home county if there is a more convenient high school of equal rank in an adjoining county to which he may go. Whether a school is more convenient depends upon the distance, character of roads and the means of transportation. In the instant case the distance from appellant's home to Princeton was shorter than to Eddyville. The road was better and appellant kept and maintained an automobile in which he carried his sons to and from school. As one road was good and the other bad, it was easy to determine that the most convenient school was at Princeton, and when that question was determined the board of education of Lyon county had no discretion in the matter, but were required by statute to arrange with the board of education of Caldwell county for the tuition of the Beck children. We have so held in the cases of Scott County Board of Education v. Steele, 213 Ky. 343; Hale, et al. v. County Board of Education of Calloway County, 213 Ky. 366; Scott County Board of Education v. Crumbaugh, 213 Ky. 771, and in the recent case of Oldham County Board of Education v. Edwin Schuler, 216 Ky. 247, where a question very similar to the one now before us was considered and it was held that the board of education of the home county of a pupil was required to arrange for and pay his tuition at the most convenient high school, which happened in that case, as in this, to be in an adjoining county. So, it seems that upon proper application the board of education of Lyon county should have promptly arranged for the tuition of appellant's children at the Princeton high school, and when he filed his petition praying the mandatory order the court should have, when the averments were made sufficient, granted his prayer and awarded the relief prayed, at least to the extent of requiring the Lyon county board of education to pay his sons' tuition at the fixed rate from and after the date of appellant's application in September, 1925, to the board for such tuition, but

he was not entitled, as it appears to the court, to have the board pay all the tuition of his children which had accrued before he made ·application to the Lyon county board to pay tuition, since it appears from a reading of the statutes governing county high schools, section 4526b-1, to and including section 4526b-5, it was the legislative intent that the pupil or his parent should make application to the board of education for tuition at the high school in the neighboring county before he matriculates at such high school, and the ·county board of education is not required to arrange for past due tuition, the statutes being prospective instead of retrospective.

. For the reasons indicated the judgment is reversed, with directions to the court to ascertain what, if any, part of the tuition of appellant's children was incurred before his application to the Lyon county board in September, 1925, and this amount, if any, will not be adjudged against the county board of education, but such part of the tuition as accrued after appellant's application to the Lyon county board shall be adjudged against said board, and it shall arrange for and pay the same.

Judgment reversed.