## Garrard County Board of Education, et al. v. Bowling.

(Decided October 21, 1927.)

### Appeal from Garrard Circuit Court.

1. Schools and School Districts.—In suit under Ky. Stat. section 4526b-5 to require county board of education to pay tuition of plaintiff's son while attending high school in another county, evidence held not to show that the conditions of highway and transportation thereon made it more convenient to attend high school in B. county than in M. county where board of education maintained an approved high school.

2. Schools and School Districts.—The "convenience" referred to in Ky. Stats., section 4526b-5, providing pupil may attend most "convenient" high school, means the convenience of the pupil where he or his parents do the transporting, not to cases where the transportation is done by another under some arrangement with the pupil or his parent.

G. C. WALKER for appellants.

LEWIS L. WALKER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The appellant, which we shall refer to as the county board of education, was by the judgment appealed from required to pay the tuition of G. A. Bowling, Jr., the 16 year old son of the appellee, at the Boyle county high school in Danville, Ky. This suit was instituted under

section 4526b-5, Ky. Stats. The defense of the county board of education was that it was maintaining at Mt. Hebron, in Garrard county, an approved high school, which was convenient to the appellee Bowling, and which they desired to have him attend. To reach the school at Danville, Bowling travels the pike passing his home, a distance of 1¼ miles, to a point called Poindexter's Shop, where he enters the state road leading from Lancaster. He then travels that state road 7.1 miles to Danville, a total distance of 8.35 miles. To reach the Mt. Hebron school, he travels this pike 1¼ miles from his home to Poindexter's Shop; then travels that same state road a distance of 2.2 miles until he reaches the Mt. Hebron road near Camp Dick Robinson; he then travels the Mt. Hebron road a distance of 2.9 miles to the Mt. Hebron school, a total distance of 6.35 miles. Thus it appears that it is two miles farther from the plaintiff's residence to the high school in Danville than it is from the plaintiff's residence to the high school at Mt. Hebron. The plaintiff alleges, and his proof shows, that from Poindexter's Shop to Danville over this improved highway, the trip can be made much more easily than it can from Poindexter's Shop to the Mt. Hebron school, because the 2.9 miles of the Mt. Hebron road is rough, that this Mt. Hebron road is an old pike, that it is narrow and badly worn; but the proof for the county board of education shows that one of the teachers at this Mt. Hebron school travels this same road every day in a Ford car, and that she has never missed a day. The proof also shows that many of the children attending this school use cars to reach the school and use this Mt. Hebron road. Bowling says that it is much more convenient to him to send his son to Danville because he has a neighbor whose children attend school in Danville, and with whom he has an arrangement by which he pays $50 a year for the transportation of his son. He also proves that there is a bus line operated over this road with busses passing at convenient hours, and with which he could make arrangements to have his son transported to Danville for $50 a year. He says he can make no such arrangement for the transportation of his son to Mt. Hebron, and there is no proof that he could. The "convenience" referred to in the statute means the convenience of the pupil where he or his parents do the transporting, not to cases where the transportation is done by another under some arrange-

ment with the pupil or his parent. We have had this section of the statutes before us several times. In Scott County Board of Education v. Steele, 213 Ky. 343, 280 S. W. 1098, the Scott county board of education was required to pay the tuition of the 16 year old daughter of Steele at the high school in Midway, although a high school was then maintained in Scott county. The distance to the Midway school was 4 miles and to the other school 7¾ miles. In Oldham County Board of Education v. Schuler, 216 Ky. 247, 287 S. W. 702, the board of education was required to pay the tuition of Schuler's daughter at the Anchorage high school, which was 7 miles from his home, while Oldham county was maintaining a high school that was 7.3 miles from his home, and in the case of Beck v. Lyon County Board of Education, 217 Ky. 67, 288 S. W. 1012, the board of education was required to pay the tuition of E. N. Beck at the Princeton high school, which was 6½ miles from his home, when there was a high school maintained in Lyon county 7 miles from his home.

We are not saying that we never will require a board of education to pay the tuition of a pupil when the school he desires to attend is farther from his home than the high school in his county, but we never have, and while there is here some showing that the high school at Danville will be more convenient for young Bowling, there is no substantially greater convenience shown.

The judgment is therefore reversed.