# Eastham v. Greenup County Board of Education et al.

(Decided Jan. 20, 1933.)

WOODS, STEWART, NICKELL & SMOOT, and J. D. ATKINSON for appellant.

DYSARD, TINSLEY & PRICHARD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Reversing.

Greenup, which is the county seat of Greenup county, is a city of the fifth class. The graded school district at Greenup includes not only the town of Greenup but considerable adjacent territory as the statute permits. The high school maintained by this graded school district is located within the boundaries of the school district, of course, but just outside the

corporate limits of the town of Greenup. Indeed, the line of the lot upon which the high school is located binds upon the town limits.

The County Board of Education of Greenup County maintains no high school at Greenup, the county seat. Neither has it made any provision for county pupils to attend any high school at Greenup. It does maintain a high school at Fullerton, a considerable distance away from Greenup, and, so far as this litigation is concerned, proposes to and does transport high school pupils to that high school although in so doing it transports many pupils some 18 miles further each way than they would have to go were they allowed to attend the high school of the Greenup graded school district which we shall hereafter refer to as the Greenup High School. Indeed, in transporting a great many of the high school pupils this long distance to Fullerton, the bus passes within a few yards of the Greenup High School.

This suit was instituted by a number of residents of Greenup county alleging that they were the parents of high school pupils who were compelled by the county board of education to attend the high school at Fullerton, although to do so they had to be transported some 18 miles or better each way and although in such transportation they passed within a few yards of the Greenup High School. A mandatory injunction was sought to compel the county board to pay the tuition of such students in the Greenup High School and to transport them from their homes to such point. By an amended petition, the governing board of the Greenup graded school district was made a party, and by its answer it expressed a willingness to take these students into its high school at a reasonable rate of tuition. The court, believing that the plaintiffs were not properly joined because of lack of a common interest, required all of them save one to withdraw from the suit, but then, rather illogically, permitted that one to prosecute the suit for himself and all others similarly situated. After a number of amended petitions had been filed, the court sustained a demurrer to the petition as thus amended and, the plaintiff declining to plead further, dismissed it. This appeal results.

Prior to chapter 72 of the Acts of 1932, section 4526b-5 of the Statutes read:

"That where an approved high school already exists that any high school pupil shall have the privilege of attending the school in the county which is most convenient; and that the county in which he resides shall pay the tuition of said pupil at the same rate as fixed for other high school pupils in said county."

This section had been construed to mean that the high school student had the privilege of attending the most convenient high school only where such high school was located in a county other than that of the residence of the student and was most convenient to him under the standards of convenience laid down in the opinions. Reed v. Mason County Board of Education, 220 Ky. 489, 295 S. W. 436; Beck v. Lyon County Board of Education, 217 Ky. 67, 288 S. W. 1012. In the case of Scott County Board of Education v. Crumbaugh, 213 Ky. 771, 281 S. W. 977, it was held that although the county board of education did not maintain the high school at the county seat, it was not required to pay tuition for students in the high school at such county seat maintained by the graded school district comprising such county seat, the county board maintaining an adequate and accessible high school to which such students could go. There can be scarce doubt but that chapter 72 of the Acts of 1932, now section 4526b-5 of the 1932 Supplement to the Statutes, was passed to change the meaning of that section as theretofore construed by this court. That section as so amended now reads, the amendatory part being italicized:

"That where an approved high school already exists that any high school pupil shall have the privilege of attending the school in the county which is most convenient *or the most convenient school within the county wherein the pupil resides;* and that the county in which he resides shall pay the tuition of said pupil at the same rate as fixed for other high school pupils in said county."

It is thus plain that the Legislature intended that the high school student should have the privilege of attending the most convenient high school in the county of his residence. We are of the opinion, however, that this privilege is confined to the selection of a high school maintained by the county board of education or one in which, by some other section of the Statutes, the

county board is compelled to make arrangements for the attendance of high school students. To illustrate our meaning, we may cite, say, the situation in Hopkins county. Dawson Springs, a city of the fifth class, is an independent graded school district. It is not the county seat of Hopkins county, and we are not aware of any section of the Statutes making it compulsory on the county board of education of that county to pay the tuition of high school students in the Dawson Springs High School. Such being the case, the high school student of the county living say just outside the limits of the Dawson Springs graded school district may not elect under section 4526b-5 of the Statutes, as it now reads to attend the Dawson Springs High School although it may be the most convenient school to him. However, to return to the situation at hand, we have here an election on the part of the high school students to attend a high school at the county seat. If the County Board of Education of Greenup County maintained a high school at Greenup, the county seat, there would be no doubt of the right of the students described in this petition to attend that school under the 1932 amendment to section 4526b-5 of the Statutes. Although what is the most convenient school is a question of fact to be determined by the facts and circumstances of each particular case, there can be no doubt but that in this case by every standard laid down in our opinions, and especially in the cases of Beck v. Lyon County Board of Education, supra; Oldham County Board of Education v. Schuler, 216 Ky. 247, 287 S. W. 702; and Garrard County Board of Education v. Bowling, 221 Ky. 485, 298 S. W. 1095, the high school at Greenup is the one most convenient to such students.

Does it make any difference that in the instant case the county board does not maintain any high school at Greenup and the high school there maintained by the graded school district is just outside the corporate limits of Greenup although within the boundaries of the graded school district of which Greenup forms a part? We think not. In the case of Christian County Board of Education v. Morris, 207 Ky. 221, 268 S. W. 1106, in construing section 4526b-1 et seq. of the Statutes, we held that the county board of education is required to maintain a high school at the county seat or to arrange for the education of students in the high school there, if one be located there, and failing the per-

formance of this duty, the board is liable for the tuition of pupils entitled to attend such high school. So here, as the county board is not maintaining a high school at Greenup, it must make arrangements for the tuition of county pupils entitled to attend the high school at Greenup if one be located there. Further, in the case of Fayette County Board of Education v. Tompkins, 212 Ky. 751, 280 S. W. 114, we held that the duty of the county board to maintain a high school *at* the county seat is met by the maintenance of such a school within a half mile of the city limits of Lexington, the county seat, the word *at* not meaning *in*. Here, although there is no high school maintained within the corporate limits of Greenup, there is one maintained within the graded school district of which the town of Greenup forms a part and immediately adjacent to the corporate limits of Greenup. It is such a high school as that the county board must make arrangements for the tuition of county high school pupils who would have had the right to elect to go to the high school at the county seat if the board maintained one there.

We have no difficulty in arriving at the conclusion that it was the duty of the County Board of Education of Greenup County under the 1932 amendment to section 4526b-5 of the Statutes to arrange for the tuition in the Greenup High School of the students described in the petition herein.

We are next confronted with the question whether the county board can be compelled to transport these pupils from their homes to the Greenup High School, the board paying for such transportation out of its general funds. The county board in defense of its refusal so to do relies on the case of Knox County Board of Education v. Fultz, 241 Ky. 265, 43 S. W. (2d) 707. But that case dealt solely with the right of the county boards to consolidate subdistricts under sections 4426-1 and 4426-2 of the Statutes and to pay for the transportation of pupils in such consolidated districts under section 4426a-11 of the Statutes. But that is not the case before us. We have here the question whether the board must transport high school students, such as are described in the petition, to the high school at Greenup, and we are of the opinion that such question must in the light of the provisions of section 4475a-5 of the Statutes be answered in the affirmative.

Some minor technical objections are made by the county board to the petition of the appellant herein. It is argued that he does not allege that he is the father or stands in loco parentis of any high school student of the kind described in that petition. While the petition is perhaps not quite as specific as it should be on this point, it is specific enough to pass a demurrer and does allege that the appellant does stand in such a situation as to be able to maintain this suit. This being true, it is not material in this suit whether he can sue for others or not, since he is clearly entitled to the relief he seeks and we apprehend that the county board, once it knows its duty, will cheerfully comply with it. The other technical objections urged are clearly without merit.

We may say in conclusion that no body of our statutory law is in a more confused shape than our school laws. Touching as they do the intimate lives of all of our citizens and being administered daily as they are by so many who are not learned in the subtleties of statutory construction, they ought to be very clear and unambiguous, easy to find, and easy to understand when once found. As they are, they often require the ingenuity of the traditional Philadelphia lawyer to solve the perplexing questions they raise of themselves. The Legislature could do a great service in recodifying and clarifying these laws.

The judgment is reversed, with instructions to overrule the demurrer of the appellees to the appellant's petition and for further proceedings consistent with this opinion.