## Warren v. Knox County Board of Education et al.

(Decided March 1, 1935.)

J. J. TYE for appellant.

TUGGLE & TUGGLE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming in part and reversing in part.

Rush Warren was unsuccessful in the trial court and has prayed an appeal.

The parties agree these are the facts:

"Rush Warren, plaintiff, is a colored man and was at all time herein mentioned a citizen and resident of Flat Lick, Kentucky, that he had two step-sons, James Cobart Gregory and Elsworth Gregory, who were both under twenty years of age, and that said pupils were regularly enrolled in the colored high school known as the Roland Hays High School of Pineville, in Bell County, Kentucky, a standard colored high school, during the school years 1929-30, 1930-31, and 1931-32; that said Roland Hays High School was nine miles from their home and a bus which was a common carrier, passed in front of plaintiff's home at such hours as convenient for them to attend school at said place and return home daily and this was the nearest high school for colored pupils for them at that time giving the

standard required high school work that they were qualified to take; there was none in Knox County during the time they attended this school, that was giving the work they were qualified to take. That the Roland Hays High School was a standard accredited high school and that the plaintiff paid for transportation on his step-sons for four years beginning with the school year in September, 1928, to the bus company the sum of $108.00 per year for the transportation of his two step-sons in attending said school, making in all the sum of $432.00; that this claim was presented to the defendant for payment and the same rejected by them and that the same was disallowed by the Knox Circuit Court.''

Warren relies on the opinion in Eastham v. Greenup County Bd. of Education, 247 Ky. 16, 56 S. W. (2d) 550. That opinion is not controlling in this case because of differentiating facts. That was an action to compel the board of education *to provide and pay* for the transportation, to be thereafter had, of certain pupils to the nearest high school it had provided for them. In this case the board of education had provided no high school for these boys and their stepfather selected one and paid their transportation thereto, and this is an action to compel the board of education *to pay him for the transportation he had provided.*

If Warren had proceeded in the proper way before this transporting was done, he would doubtlessly have found this opinion of great help to him; but having incurred and paid this without making previous demand of the board, he cannot recover it. Murphy & McCalister v. Hughes, 2 Ky. Op. 667; Illinois Surety Co. v. Mitchell, 177 Ky. 367, 197 S. W. 844, L. R. A. 1918A, 931; Wilson v. Smith, 213 Ky. 836, 281 S. W. 1008; Vance v. Atherton, 252 Ky. 591, 67 S. W. (2d) 968. The management of the schools is intrusted to the board of education, and it would work havoc with that management if parties could, without previously asking the board to do so, make expenditures and thereafter compel the board to repay them.

However, this suit was a demand. It was filed February 11, 1932. For the reasonable cost of all transportation, if any, had after that date, the board

should have been required to pay. See Beck v. Lyon County Board of Education, 217 Ky. 67, 288 S. W. 1012.

The motion for an appeal is sustained, the appeal granted, and the court will require the board to pay for the transportation of these pupils after the filing of this suit.

Judgment affirmed in part, and reversed in part for consistent proceedings.