# Scott County Board of Education v. Crumbaugh.

(Decided March 26, 1926.)

## Appeal from Scott Circuit Court.

Schools and School Districts—County Board of Education, Not Maintaining High School at County Seat, is Not Required to Pay Tuition for Children in City High School at County Seat, where Adequate and Accessible County High School is Established in School District in which They Lived (Ky. Stats., Sections 4526b-1 to 4526b-5).—Under Ky. Stats., sections 4526b-1 to 4526b-5, county board, which had not provided county high school at county seat, is not required to pay tuition of plaintiff's children in city high school previously established at county seat, where county had established adequate and accessible high school in district in which plaintiff lived.

H. C. FORD for appellant.

BRADLEY & BRADLEY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee, Crumbaugh, prayed a mandatory injunction in the lower court against the Scott county board of education and each member thereof, requiring the board to pay the tuition of his son, eligible to high school, at the Georgetown high school, operated by the board of education of Georgetown, for the attendance of his son at that institution. The prayer of the petition was granted and the board of education directed to arrange for the son of appellee to attend the high school at Georgetown, and further, "that plaintiff's children and all other children of the county eligible for high school instruction have the right to attend the high school in Georgetown and that it is the duty of the Scott county board of education to and it is now ordered that the said board pay the tuition of all such children, including plaintiff's children, or shall by contract arrange for such payment." It was further adjudged that the plaintiff recover of the board of education the sum of $50.00 paid by him in the previous year for tuition at the Georgetown high school. From that judgment this appeal is prosecuted by the board of education.

It was alleged in the petition that the plaintiff, Fred S. Crumbaugh, father of children eligible to enter the

county high school, was a resident, taxpayer and citizen of Scott county; that the county board of education "does not, nor has it for several years, maintained a high school in Georgetown, county seat of Scott county," It was further averred that the city of Georgetown maintained a high school of the first class but that the board of education has failed and refused and is now refusing to enter into a contract with Georgetown board of education for the tuition of plaintiff's children and for other children living outside of the district of Georgetown; that he demanded of the board that it arrange for the entry of his children eligible for high school at the Georgetown high school, but that the board refused to do so; that the board of education by statute was required to establish the first high school at the county seat of each county, or if a high school is already established as in this case, it may if it so desire, contract with the governing board of such high school for the tuition of children of high school grade residing in the county outside of Georgetown, who desire to attend the school at the county seat; that he desires his children to attend the high school at Georgetown; that he lives outside of the Georgetown district, but in the county of Scott, and that he sent his son to the Georgetown high school in the year 1924-25. paying tuition amounting to $50.00. The board filed an answer in which it denied that it had failed or refused or is now failing or refusing to contract with the Georgetown board of education for tuition for children living outside of the district of Georgetown high school, and averred that on the contrary it now has such a contract with the board of education of the Georgetown high school and that by this contract the county board of education has the right to enter pupils from the county of Scott at the Georgetown high school, by paying the contract price for tuition; that during the year 1924-25 and at all times referred to in the petition the board of education maintained a high school in the Newtown school district in which the plaintiff and his children reside and very close to the residence of plaintiff, at which school the same subjects were and are taught by the same methods as in the Georgetown high school for the first two years; that said school is maintained by the board for the regular two-year high school course for the benefit and convenience of children of high school grade, residing in that district, and that it also maintained a high school at Stamping Ground and Sadieville, in Scott county. Fur-

ther pleading, it is averred in the answer, "they say that the children of the plaintiff reside in the Newtown school district of Scott county; that they have reached only the ninth and tenth grades, which are the first two grades of high school, and that the defendant maintains at the village of Newtown in said school district a high school providing a course of study for pupils of the said grades, in which the plaintiff's children are entitled to enter, identical with the course of study furnished by the high school at Georgetown.

A general demurrer interposed to the answer was sustained by the court, and when the board declined to further plead, its answer was dismissed and judgment entered in accordance with the prayer of the petition.

It is provided by section 4526b-1, that the county board of education shall within two years after the passage and approval of this act, establish one or more county high schools, provided there is not already existing in the county a high school of the first class, and in case such high school already exists and the county board of education is able to contract with such school for tuition for pupils eligible for high school work living outside of the county seat, then said high school when so contracted with may be considered as meeting the purposes of this law without the establishment of another high school. The first county high school to be established in the county shall be located at the county seat, provided there is not already existing in the county seat a high school of the required grade. Section 4526b-1.

Section 4526b-5 reads:

> "That where an approved high school already exists, that any high school pupil shall have the privilege of attending the school in the county which is most convenient; and that the county in which he resides shall pay the tuition of said pupil at the same rate as fixed for other high school pupils in said county."

Appellee insists that the judgment appealed from is supported by the opinion of this court in the case of Christian County Board of Education v. Morris, 207 Ky. 221, where we in substance held that under sections 4526b-1-3, the county board of education having failed to establish a high school at the county seat or to contract with the authorities governing a school already located there, it is liable for tuition of pupils not residing in other

high school districts and entitled to attend high school required to be maintained at the county seat. The facts of that case were very different from the ones with which we are now dealing. While there were nine high schools in Christian county, the pupils for whose benefit the action was instituted all resided very near the county seat, and it was more convenient for them to attend the high school at the county seat than either of the other high schools maintained by the board in the county. Clearly such pupils were entitled to have tuition in the high school located at the county seat and could not be compelled to go a greater distance at greater inconvenience to attend a high school established out in the country by the board of education. It is averred in the answer and admitted by demurrer in the instant case that the plaintiff and his children reside in the Newtown school district in Scott county, and that the county board of education maintains in that school district a high school in which are taught all of the subjects which young Crumbaugh, who is in his second year high school, is entitled or required to study, and that the high school in the Newtown district is the most convenient high school to the home of the plaintiff and his family, or at least as convenient to his home as any other high school, including that at the county seat. It further appears from the answer that the high school established and maintained in the Newtown district is of the same quality as that located at Georgetown, and that the children of plaintiff can obtain the same kind of instruction in the first two years of the high school course at Newtown as at Georgetown; that the whole expense of maintaining a high school at Newtown, including buildings and the employment of instructors, has already been met by the county board of education, while the board would be required to pay tuition for the children of the plaintiff if they be allowed to enter the Georgetown high school, thus putting on the board of education a double expense. When these facts are considered in connection with section 4526b-1 of the statutes, allowing the board of education to establish and maintain any number of high schools in the county which it may find necessary, and giving the board supervisory powers over such schools, it would seem but reasonable to require high school students living near an established high school maintained by the county board to attend such high school rather than require the board of education to go to double expense by paying the tuition of such

pupils at a more inconvenient high school, even at the county seat, while maintaining a high school in the country at a convenient place for such pupils. If the board may establish and maintain several high schools in the county and thus expend the public funds in order to have schools conveniently located to the homes of pupils, it would seem the pupils should be required to attend the most convenient high school, especially when to do so would not subject the board to the payment of tuition in addition to maintaining a high school in the country near the pupils. The opinion in the Christian county case establishes the rule that the county board of education must maintain a high school or contract with a high school at the county seat for tuition for all eligible students living in the county outside of the county seat district and not residing within or near a school district where another high school is maintained by the county board of education, or at a more convenient point to such high school than to the county seat. In that case the pupils desiring to attend the high school at the county seat were more conveniently situated to that school than to any other high school in the county, and we held that they were entitled to attend the high school at the county seat. But in the present case the plaintiff and his family are not more conveniently situated to the high school at the county seat than to the high school at Newtown. The act was intended to afford pupil children of a county an opportunity to attend a public high school without the payment of tuition, and while it is the duty of the board of education to establish and maintain a high school in one of the methods pointed out by the statutes at the county seat, supposedly in the center, and at the most convenient point of the county, where there are other high schools in the county meeting the requirements, eligible students living conveniently near such high school should not be entitled or permitted to leave a county high school and go to the county seat to attend high school, and thus entail upon the board of education additional cost. It appears to the court that the answer of the board of education to which the general demurrer was sustained, stated a good defense to the cause alleged in the petition, and the general demurrer to the answer should have been overruled. For this error the judgment is reversed for proceedings consistent herewith.

Judgment reversed.