## Reed v. Mason County Board of Education.

(Decided June 10, 1927.)

### Appeal from Mason Circuit Court.

1. Schools and School Districts.—Under Ky. Stats., sections 4399a-4, 4526b-1, to 4526b-3, and Ky. Stats., Supp. 1926, section 4399a-7, county board of education has power to divide county into high school districts and require that residents in each district attend school therein at least if it acts reasonably in so doing.

2. Schools and School Districts.—Requiring children to attend high school but three miles away, to which transported by motorbus, held not abuse of county board of education's discretion, under Ky. Stats., sections 4399a-4, 4526b-1 to 4526b-3, and Ky. Stats., Supp. 1926, section 4399a-7, to require residents of each high school district to attend school therein.

3. Schools and School Districts.—Ky. Stats., section 4526b-5 (Acts 1916, c. 81, section 2), giving high school pupils privilege of attending school in county which is most convenient, at cost of county in which he resides, applies only to high schools maintained jointly by adjacent counties, as provided for in Acts 1916, c. 81, section 1, and does not entitle pupil to attend more convenient high school in county of his residence than that located in district of his residence.

ERNEST L. ZEIGLER for appellant.

DONALD L. WOOD for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellant, Stanley Reed, is a resident of Mason county, Ky. He lives just outside of the city of Maysville and on the bluff which overlooks that city. His residence is located in what is known as the Washington consolidated high school district, which is one of several high school districts which have been established by the county board of education of Mason county. The high school building of this consolidated district is located about three miles from the residence of the appellant.

The high school children of this consolidated district are transported to and from school by a school bus, which passes practically in front of the appellant's home. However, in going to school, the bus, after leaving appellant's home, takes about an hour to traverse its route before it reaches the high school building, and in the afternoon it takes an equal amount of time to get back to appellant's home. Appellant is a member of the bar at Maysville and can very conveniently, when he goes to his office, take his children with him to the high school in the city of Maysville in his automobile, or can very conveniently send them to this school in charge of his chauffeur. At times when he is absent from home, he can leave these children with their grandparents, who live in the city of Maysville, if these children are permitted to attend the Maysville high school. The county board of education has no high school in the city of Maysville but does pay the tuition of such pupils in the high school of that city as are entitled to go to that high school. On this state of facts, the appellant demanded of the county board of education that his children be permitted to attend the high school in the city of Maysville, since it was the most convenient school for them to attend, rather than that they be compelled to attend the high school in the district of his residence. The county board of education declined to pay the tuition of the appellant's children in the Maysville high school, and thereupon he brought this suit to compel them to do so. On final hearing, the court dismissed the appellant's petition, and he has appealed.

Sections 4526b-1 to 4526b-3 of the Kentucky Statutes, provide for the establishment and maintenance of a system of county high schools. They provide that there shall be established in each county one or more county high schools, and that the first county high school shall be located at the county seat. The county board of education is given authority to unite with the governing authorities of the cities and towns in the county in the joint use of high schools, and is also given authority to contract with municipal authorities to pay the tuition of county pupils in these city high schools. Of course where the only county high school which is maintained is the one directed to be located at the county seat, any pupil entitled to high school education has the right to attend that high school. But it will be noted that these sections of the Statutes also authorize the county boards of education to establish other high schools than the one

directed to be located at the county seat.    Pursuant to this authority, the county board of education of Mason county has established a number of consolidated high school districts, among which is the Washington consolidated high school district, wherein appellant's residence is located.    Where the county has established more than one high school, the Statutes to which we have referred are silent as to which school the pupils shall or may attend.    Section 4399a-4 of the Statutes, in providing for the powers of the county board of education generally, says:

"Subject to the course of study and to the by-laws and policies of the state board of education, the county board of education shall determine by the consent and advice of the county superintendent the educational policies of the county, and shall prescribe rules and regulations for the conduct and management of the schools."

Section 4399a-7 of the Kentucky Statutes, Supp. 1926, in part reads:

"The county board of education, subject to the laws and regulations of the state board of education, shall, with the advice and assistance of the county superintendent, administer, grade and standardize the schools under its jurisdiction."

Under these sections of the Statutes the county board of education undoubtedly has the power to lay off the county into high school districts and to provide that those who reside in the respective high school districts shall attend the high school in that district, at least where it acts reasonably in so doing.    Without this power, the county board of education, having provided educational facilities for all the students of a district, might be compelled to provide other facilities for such students who might wish to attend other schools.    Such a situation would tend to disrupt the financial arrangements of the board and in large measure to defeat its educational policy.    To require the appellant's children to attend a high school but three miles away, to which they are transported by motorbus, cannot be said to be an abuse of discretion, and, as there is no statute giving the appellant's children the right to choose any high school in their county, they must attend such high school as the county board, under the statutory powers vested in it, provides,

at least in an exercise of a reasonable discretion, for them to attend. But it is urged that under section 4526b-5 of the Kentucky Statutes, as construed by this court in the case of Scott County Board of Education v. Crumbaugh, 213 Ky. 771, 281 S. W. 977, the appellant has the right to send his children to the high school in Maysville. In the Crumbaugh case, supra, the question was whether or not a high school pupil residing out in the county could compel the county board of education of said county to pay his tuition in the high school at Georgetown, the county seat. We held that, as the pupil lived in a high school district with a high school therein convenient to his residence, he could be compelled to attend that high school, and was not entitled to have his tuition paid in the high school at Georgetown. This result reached in that case is correct, and is entirely in accord with the views expressed in this opinion. But it must be confessed that the court in the Crumbaugh case did rest its decision on section 4526b-5 of the Statutes, reading:

> "That where an approved high school already exists that any high school pupil shall have the privilege of attending the school in the county which is most convenient; and that the county in which he resides shall pay the tuition of said pupil at the same rate as fixed for other high school pupils in said county."

Construing this statute, we held that, as the high school of the district where young Crumbaugh lived was most convenient for him, he must, under this section of the Statutes, attend that high school. The court, in resting its opinion on section 4526b-5, supra, inadvertently overlooked the fact that section 4526b-5 had no application to the state of facts presented in that case. This section of the Statutes is section 2 of chapter 81 of the Acts of 1916, the scope of which act is very clearly set out in its title, which reads:

> "An act to provide for the erection, organization and maintenance of county high schools jointly by two or more adjacent counties, and to allow pupils to attend high schools in counties other than their own."

Section 1 of that act provides for the erection, organization, and maintenance of county high schools

jointly by two or more adjacent counties, and section 2, which is as stated section 4526b-5 of the Statutes, clearly means that a pupil of one county should have the right to attend the high school of his own county or that of the adjacent county whichever was most convenient for him. But it has no application whatever to the question whether or not a pupil has the right to attend in the county of his residence a high school in that county which may be more convenient for him than the high school located in the district of his residence. Therefore the Crumbaugh case, although it reached a correct result, cannot be regarded as controlling the decision in this case.

It results, therefore, that the lower court committed no error in dismissing the appellant's petition, and its judgment is affirmed.

Whole court sitting, except Judge Rees who took no part in the decision of this case.