# Lincoln County Board of Education et al. v. Carter.

(Decided May 8, 1931.)

J. B. PAXTON for appellants.

K. S. ALCORN and KELLY J. FRANCIS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER.—
Reversing.

The appellee, C. L. Carter, instituted this suit against the appellants, Lincoln County Board of Education and S. B. Godbey, county superintendent, seeking to have the court require the defendants, by injunctive process, to permit Everett Ramey, to whom the plaintiff occupied a parental relation, and who was eligible, to attend the high school of the Stanford graded school district, at the expense of the board. It was alleged in the petition, in substance, that the County Board of Education had an arrangement with the Stanford High School to take care of county high school pupils, as is provided by the statute, and that for three years it had paid the tuition of Everett Ramey at that school, and it was its duty to do so the fourth and senior year. It was stated that the county board had also established a county high school at McKinney, in Lincoln County, and was willing to bear the expense of the student in that school; but it was charged that the Stanford school was a better school and of a higher standard, and that the pupil could not obtain at the McKinney High School such a course as was necessary to enable him to complete the line of study which he had been pursuing during the

previous three years at Stanford. The board was charged with acting arbitrarily and unreasonably and without right. Plaintiff averred his willingness to furnish transportation for the boy. He did not live in either the Stanford or McKinney school districts.

Others were alleged to be similarly situated, and similar relief for them was asked.

The defendants alleged it was maintaining at McKinney a first-class high school, recognized and approved by the state school officials, to which the persons for whose benefit the suit was brought were entitled to attend free of tuition charges, and that it was more convenient to the plaintiff's ward than the school at Stanford. It is alleged and not denied that the board furnishes motorbus transportation for pupils attending the McKinney school, which is convenient for the use of Everett Ramey. He lives 4.6 miles from McKinney High School and 4.7 miles from the Stanford school, to which school the board does not furnish free transportation.

The court, deciding the case upon the pleading, held the plaintiff entitled to the relief asked.

The statute (section 4526b-1) provides that the county school authorities must furnish high school advantages either by establishing its own institution or by contract with another. In Lincoln county both methods of providing a high school education have been adopted. While it appears that it is more desirable for the boy to attend the Stanford school by reason of the course of study which he has been pursuing, it cannot be said that the action of the board in refusing to bear the expense of his education there rather than at McKinney, where it maintains its own school, was arbitrary and unreasonable. In Reed v. Mason County Board of Education, 220 Ky. 489, 295 S. W. 436, the facts were not materially different. The principle announced in that case must be applied to this one; namely, that the courts will not interfere with the exercise by the board of education in the discretion vested in it by law in such cases, unless that discretion has been abused and its action was or is arbitrary and unreasonable.

Upon the authority of that case and others cited therein, the judgment is reversed, with directions to disallow plaintiff's prayer for relief.