## County Board of Education of Boyle County et al. v. Caldwell.

(Decided April 28, 1933.)

752

ADD LANIER for appellants.

NELSON D. RODES for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellee, Charles W. Caldwell, brought this action against the County Board of Education of Boyle County and its members to require them to pay the tuition of his daughter and son, who are attending the Danville High School.

The defendants' demurrer to plaintiff's petition having been overruled, answer was filed and proof taken, when, on submission of the case to the lower court upon these pleadings and proof, it adjudged that the plaintiff was entitled to the mandatory relief sought.

From this judgment granting the mandamus, the appellant, the County Board of Education of Boyle County, appeals.

The facts pleaded and heard in evidence are these:

The appellee, Charles W. Caldwell (plaintiff below), lives in Boyle county, Ky., upon a large farm situated on the Danville and Lebanon turnpike, which is the main road from Danville to Parksville. His residence is some 2 4/10 miles from the Danville High School and 5 7/10 miles from the Parksville High School. Plaintiff's farm is beyond the limits of the Danville school district, the east line of his farm being the boundary line between the Danville city high school district and the county high school district of Parksville, in which his farm is located.

The plaintiff has two children of high school age and standing, namely, a daughter, Virginia, sixteen years of age, and a son, Logan, fourteen years of age, who are attending the Danville High School.

Danville is a fourth class city and its high school district is separate from the county district.

It is admitted that the Parksville High School is something more than twice as far from plaintiff's home as the Danville High School and also that a portion of the highway next the Parksville High School, for a distance of something more than one-fourth of a mile, is in bad condition and very rough.

It is further both pleaded and shown by the evidence that the defendant operates a school bus over the Danville-Lebanon highway, for the daily free transportation of the pupils living in the said Parksville high school district to and from its said high school. The said school bus has a seating capacity sufficient for some thirty pupils, though it is the custom to daily transport on an average of about fifty pupils. Also, it is shown that the bus trip between plaintiff's home and the Parksville High School requires some fifteen minutes longer time than required to make the trip between his home and the Danville High School.

It is further shown and admitted that the defendant county board of education maintains no district county high school east of Danville and that it has an arrangement with the Danville High School to pay it an agreed tuition of $45 for each and such of its pupils of high school standing attending its high school, who live east of Danville, and who would thus be required to pass through Danville in order to attend the Parksville or other county high school maintained by it.

The plaintiff, while living in the Parksville school district, upon the county board's refusal to pay under this arrangement the tuition of his two children, filed suit for a mandamus requiring them to do so, contending that, under section 4526b-5, Carroll's Kentucky Statutes, 1933 Supplement, it was the most convenient school for his children to attend and that therefore, under the statute as so amended, the appellant county board of education was obligated to pay their tuition.

The appellant here seeks a review and reversal of the lower court's judgment, requiring it to pay this tuition, contending that the principal and material question involved is, "Is the regulation of the County Board of Education in requiring appellee's children to attend the Parksville High School an abuse of a reason-

able discretion or is such requirement reasonable and just?'' It insists that, if it is a reasonable requirement, the judgment of the lower court should be reversed.

Appellee, on the other hand, contends such is not the question presented by the appeal, but submits that the only question here presented to this court is, whether the chancellor properly adjudged that it was ''more convenient'' for appellee's daughter and son to attend the Danville High School than it was for them to attend the Parksville High School.

We are of the opinion that the position of the appellee as to the real issue here presented upon the record is the correct one.

In the late case of Eastham v. Greenup County Board of Education et al., 247 Ky. 16, 56 S. W. (2d) 550, the court, in discussing the very similar question there presented, said:

''Prior to chapter 72 of the Acts of 1932, section 4526b-5 of the Statutes read:

'' 'That where an approved high school already exists· that any high school pupil shall have the privilege of attending the school in the county which is most convenient; and that the county in which he resides shall pay the tuition of said pupil at the same rate as fixed for other high school pupils in said county.'

''This section had been construed to mean that the high school student had the privilege of attending the most convenient high school only where such high school was located in a county other than that of the residence of the student and was most convenient to him under the standards of convenience laid down in the opinions. Reed v. Mason County Board of Education, 220 Ky. 489, 295 S. W. 436; Beck v. Lyon County Board of Education, 217 Ky. 67, 288 S. W. 1012.''

While such remained the meaning of the statute as so construed, it was further held in the case of Scott County Board of Education v. Crumbaugh, 213 Ky. 771, 281 S. W. 977, that, although the county board of education did not maintain the high school at the county seat, it was not required to pay tuition for students in the high school at such county seat maintained by the

graded school district comprising such county seat, the county board maintaining an adequate and accessible high school to which such students could go.

The law then was, prior to its later 1932 amendatory modification, that as between two high schools, both located in the same county, a high school pupil residing therein, but outside the county seat high school district, was required to attend the high school that the county board of education, in the exercise of a reasonable discretion, directed him to attend.

The law was so declared in Scott County Board of Education v. Crumbaugh, 213 Ky. 771, 281 S. W. 977, 979, where the court further in its opinion said:

"The act was intended to afford pupil children of a county an opportunity to attend a public high school without the payment of tuition, and while it is the duty of the board of education to establish and maintain a high school in one of the methods pointed out by the Statutes at the county seat, supposedly in the center, and at the most convenient point of the county, where there are other high schools in the county meeting the requirements, eligible students living conveniently near such high school should not be entitled or permitted to leave a county high school and go to the county seat to attend high school, and thus entail upon the board of education additional cost."

Also to like effect see Reed v. Mason County Board of Education, 220 Ky. 489, 295 S. W. 436, 438, where the court said:

"To require the appellant's children to attend a high school but three miles away, to which they are transported by motorbus, cannot be said to be an abuse of discretion, and, as there is no statute giving the appellant's children the right to choose any high school in their county, they must attend such high school as the county board, under the statutory powers vested in it, provides, at least in an exercise of a reasonable discretion, for them to attend."

In the opinion in the cited case, the court expressly points out "there is no statute giving the appellant's children the right to choose any high school in their county." However, we are of the opinion, as contended

by appellee, that the right to attend or choose the most convenient high school in the county of his residence in the Mason County Case, supra, denied, has been clearly conferred on the high school pupil, as further pointed out in the Eastham Case supra, where the court, continuing its opinion says:

"There can be scarce doubt but that chapter 72 of the Acts of 1932, now section 4526b-5 of the 1932 Supplement to the Statutes, was passed to change the meaning of that section as. theretofore construed by this court. That section as so amended now reads, the amendatory part being italicized:

" 'That where an approved high school already exists that any high school pupil shall have the privilege of attending the school in the county which is most convenient *or the most convenient school within the county wherein the pupil resides;* and that the county in which he resides shall pay the tuition of said pupil at the same rate as fixed for other high school pupils in said county.'

"It is thus plain that the Legislature intended that the high school student should have the privilege of attending the most convenient high school in the county of his residence. We are of the opinion, however, that this privilege is confined to the selection of a high school maintained by the county board of education or one in which, by some other section of the Statutes, the county board is compelled to make arrangements for the attendance of high school students."

So here, as the appellant county board of education is not maintaing a high school, east of Danville, it must make arrangements for the tuition of such of its county high school students entitled to attend that high school, as coming within the meaning and definition of "the most convenient school within the county wherein the pupil resides."

However, what is the "most convenient school" is a question of fact, to be determined by the facts and circumstances of each particular case.

The legal standards by which this question of what is the "most convenient school" might be defined and determined were described and announced in the case of Beck v. Lyon County Board of Education, 217 Ky. 67, 288 S. W. 1012, 1013, to be:

"Whether a school is more convenient depends upon the distance, character of roads, and the means of transportation. In the instant case the distance from appellant's home to Princeton was shorter than to Eddyville. The road was better and appellant kept and maintained an automobile in which he carried his sons to and from school."

However, the question of distance and time, while important, cannot be regarded as all, but rather only as among the considerations to be weighed along with other facts and circumstances in the determination of the question in each particular case.

In the instant case, there was before the chancellor for his consideration in determining whether or not the Danville High School was "the most convenient school" for the Caldwell children, within the meaning and intent of this statutory amendment, uncontradicted evidence that the distance from appellee's home to the Danville High School was less than one-half of that from his farm to the Parksville High School, and, further, that the highway to Danville was, throughout its course, a smooth and high type road, while this same highway, leading from appellee's farm to the Parksville High School was, for a considerable part of its course, very rough and in bad condition, as well as requiring some three times as long a time in which to make the trip.

These matters of difference in the comparative convenient accessibility to the two schools, being among those prescribed in the Beck Case, supra, as proper considerations for the determination of what is the most convenient school and they having been here in evidence and duly considered by the trial court, we are unwilling to disturb his finding of fact upon this issue that the Danville High School is, when measured by the criterion announced, the "most convenient high school," within the meaning of the statute, for appellee's children to attend, and, having so determined, it necessarily follows that the chancellor rightly adjudged appellee the injunctive relief prayed, by requiring appellant to pay their tuition to this "most convenient high school" at Danville.

Therefore, its judgment is affirmed.