## Madison County Board of Education v. Smith.

(Decided Oct. 3, 1933.)

496

ROSS & ROSS for appellant.

G. MURRAY SMITH pro se.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellee, G. Murray Smith, brought this action in the Madison circuit court against the Madison county board of education to require it to pay the tuition of his son, Murray Smith, Jr., as a student of the Model High School in Richmond, Ky. The essential facts were substantially agreed on by the pleadings and stipulation. Upon a hearing of the case the Madison circuit court found and adjudged that the plaintiff was entitled to the relief sought. This appeal results.

The facts stipulated in the record are these:

"That Madison County, outside the City of Richmond and the City of Berea, is divided into Educational Districts one of which is White Hall Educational District; that within the City of Richmond, Kentucky, there are two approved High Schools, one operated by the City of Richmond, and one operated by the Eastern Kentucky State Teachers College.

"That the plaintiff resides in White Hall Educational District about three-quarters of a mile from the city limits of Richmond, Kentucky, on U. S. Highway 25, and about 5½ miles from the White Hall School in said Educational District.

That his residence is approximately 1⅜ miles from the high school operated by Eastern Kentucky State Teachers College in Richmond, Kentucky.

"That the plaintiff has three sons, Murray Smith, Jr., who has completed the common school and is now entitled to attend a high school. That he has two younger sons, who are at this time attending the training school in Richmond, Kentucky, at the Eastern Kentucky State Teachers College, and are brought to and from said school daily by the plaintiff or some member of his family. That Murray Smith Jr., since completing the course of the common school grades, has attended high school at the Eastern Kentucky State Teachers College.

"It is further stipulated that U. S. Highway No. 25 at the point of the plaintiff's residence, and from that point to the City of Richmond is a concrete highway, and from where said highway intersects with the City of Richmond, Kentucky, to the Eastern Kentucky State Teachers College is an asphalt street. That from the intersection of the Boonesboro Pike to the White Hall School is an asphalt highway.

"The defendant maintains an approved four year high school at White Hall in which school all of the eight grades are also taught, and in said school defendant has a teaching staff of seven regular teachers, and six of said teachers go from Richmond to said White Hall School in the morning and return therefrom daily after school hours.

"The defendant operates a school motor bus over U. S. Highway No. 25 and the bus passes the plaintiff's home in the morning at approximately 7:15 o'clock and returns from said school to plaintiff's home approximately at 4 p. m. o'clock and plaintiff's children have the privilege of going to and returning from said White Hall School on said motor bus free of cost and have the privilege of attending said White Hall School free of cost or charge.

"That defendant has not at any time paid any part of the tuition for plaintiff's children—either in the training school or Model School at

Eastern Kentucky State Teachers College, nor does it pay any part of the tuition at said Model High School for pupils residing on U. S. Highway No. 25 or in that vicinity, but it does pay tuition, $10.00 per term for some few pupils residing in Madison County, and on highways where defendant does not operate a school bus, and would be required to pay said sum for Murray Smith, Jr."

It is insisted for appellant that Murray Smith, Jr., being a resident of White Hall District and furnished free transportation to and from the school maintained in that district, that he should attend that school instead of the Model High School at Richmond at the expense of the latter. In support of this contention it cites and relies on section 4526b-5 of the Kentucky Statutes and the case of Reed v. Mason County Board of Education, 220 Ky. 489, 295 S. W. 436. At the time the opinion was written in the case supra, which was in 1927, the statute, supra, read:

"That where an approved high school already exists that any high school pupil shall have the privilege of attending the school in the county which is most convenient; and that the county in which he resides shall pay the tuition of said pupil at the same rate as fixed for other high school pupils in said county."

But it will be noted that by chapter 72 of the Acts of the General Assembly of 1932, that section of the Statutes was amended so as to read as follows:

"That where an approved high school already exists that any high school pupil shall have the privilege of attending the school in the county which is most convenient *or the most convenient school within the county wherein the pupil resides;* and that the county in which he resides shall pay the tuition of said pupil at the same rate as fixed for other high school pupils in said county." (Italics ours.)

The italicized words or part of the act as amended indicate the amendatory part. Thus it is plain that the Legislature in its amendment to the section intended to give high school pupils the right to attend the most convenient high school within the county wherein the pupil resides and such school shall pay

the tuition for such pupil. The word "convenient," as used in the statute, depends on distance, character of roads, and means of transportation, and is a question to be determined upon the facts and evidence in each particular case. The chancellor having found that the Richmond High School was more convenient for Murray Smith, Jr., to attend, we are unwilling to disturb his finding of fact relating thereto. County Board of Education of Boyle County et al. v. Caldwell, 248 Ky. 751, 59 S. W. (2d) 995. The case supra deals with the same question at issue in the instant case and very fully and aptly states the law applicable to this case, and we do not deem it necessary to extend this opinion by further elaboration on the question.

It is next insisted for appellant that Kentucky Statutes, Sec. 4526b-5, as amended by the acts of 1932, c. 72, as above stated, is unconstitutional, in that it is class legislation. Section 183 of the Constitution of Kentucky reads:

"The general assembly shall, by appropriate legislation, provide for an efficient system of common schools throughout the state."

This section leaves to legislative discretion the best method of providing for an efficient system of common schools. Elliott v. Garner, 140 Ky. 157, 130 S. W. 997.

It would be very impracticable, if not impossible, for the Legislature to enact a single law governing the entire educational system of a state, so as to include grades, high school, and universities, and necessarily different laws are enacted for different grades and pupils thereof.

Local and special legislation applies to special or particular places, or special and particular persons, and is distinguished from a statute intended to be general in its operation and that relating to classes of persons or subjects. Stone v. Wilson, 39 S. W. 49, 19 Ky. Law Rep. 126; Winston v. Stone, 102 Ky. 423, 43 S. W. 397, 19 Ky. Law Rep. 1483; Safety B. & L. Co. v. Ecklar, 106 Ky. 115, 50 S. W. 50, 20 Ky. Law Rep. 1770.

The statute, supra, as amended by the acts of 1932, applies to all high school pupils as a class, and its operation is general throughout all counties and such

high school districts of the state, and is not restricted to any particular high school district or section of the state, and therefore it is not violative of section 59, subsec. 25, of the Constitution of Kentucky.

Perceiving no error prejudicial to the substantial rights of appellant, the judgment is affirmed.