## Stallins et al. v. Caldwell County Board of Education et al.

(Decided Oct. 11, 1938.)

R. W. LISANBY and J. GORDON LISANBY for appellants.

WEBB & WEBB and MARSHALL P. ELDRED for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

R. F. Stallins, Young Gresham, J. B. Miller, and W. L. Woodruff, citizens and residents of Caldwell

county, suing for themselves and all other citizens of the county similarly situated, brought an action against the Caldwell county board of education in which they sought a mandatory injunction to compel the board to permit high school pupils of the county to attend the high school most convenient to such pupils. The defendants' motion to strike certain words from the petition was sustained, and a demurrer to the petition was likewise sustained. The plaintiffs filed an amended petition, and, a demurrer thereto having been sustained and the plaintiffs having declined to plead further, their petition, as amended, was dismissed.

It appears from the petition that the Caldwell county board of education maintains four high schools in Caldwell county. These schools are located at Cobb, Friendship, Farmersville, and Flatrock. High schools are also maintained in the independent school districts of Fredonia and the city of Princeton in Caldwell county, and in Dawson Springs in Hopkins county near the Caldwell county line. It is alleged in the petition that the high schools maintained in the two independent districts in the county and in Dawson Springs are more convenient to many high school pupils than the high schools maintained by the county board of education, and also that their equipment and facilities are better. The petition alleges, and appellants argue in their briefs, that section 4526b-1 to section 4526b-5, inclusive, Carroll's Kentucky Statutes, 1930 edition, and Baldwin's 1933 Supplement, have not been repealed, and that under the provisions of these sections, and particularly section 4526b-5, a high school pupil has the privilege of attending the school most convenient to him. Section 4526b-4 and section 4526b-5 were sections 1 and 2, respectively, of chapter 81 of the Acts of 1916. Section 1 of the 1916 Act provided authority for the erection and maintenance of a high school by two or more adjacent counties. Section 2 of the act provided:

"That where an approved high school already exists that any high school pupil shall have the privilege of attending the school, in the county which is most convenient; and that the county in which he resides shall pay the tuition of said pupil at the same rate as fixed for other high school pupils in said county."

In Reed v. Mason County Board of Education, 220

Ky. 489, 295 S. W. 436, it was pointed out that this section was confined to high schools in adjacent counties and had no application to the question of the right of a county board of education to require a high school pupil to attend the high school of the district of his residence rather than some other high school in the same county. In 1932 section 2 of chapter 81 of the Acts of 1916 was amended, Acts 1932, c. 72, by inserting the words ''or the most convenient school within the county wherein the pupil resides,'' so that as amended section 2 read:

> ''That where an approved high school already exists that any high school pupil shall have the privilege of attending the school in the county which is most convenient or the most convenient school within the county wherein the pupil resides; and that the county in which he resides shall pay the tuition of said pupil at the same rate as fixed for other high school pupils in said county.''

This section clearly gave a high school pupil the right to attend the most convenient high school maintained by the county board of education within the county wherein he resided, and if the county board failed to maintain a high school in the county seat and the high school maintained there by an independent district was the most convenient school, the pupil was given the privilege of attending such school, and the county board of education was required to pay his tuition. County Board of Education v. Caldwell, 248 Ky. 751, 59 S. W. (2d) 995; Madison County Board of Education v. Smith, 250 Ky. 495, 63 S. W. (2d) 620. The Legislature, however, in 1934 repealed most of the existing school laws, and adopted a comprehensive school code. Chapter 65 of the Acts of the General Assembly of 1934 expressly repealed sections 4526b-1 to 4526b-5 of the Kentucky Statutes. The title of the act reads in part:

> ''An Act providing for a more uniform and efficient system of public schools and colleges throughout the Commonwealth of Kentucky, repealing section 4363 to section 4376b-10, inclusive, and section 4378 to section 4399, inclusive, Baldwin's 1930 Revision of Carroll's Kentucky Statutes with the 1933 Supplement, relating to a general system of public education in the Commonwealth; * * * also section 4526b-1 to section 4526b-5, inclusive, Baldwin's 1930

Revision of Carroll's Kentucky Statutes with the 1933 Supplement, relating to high schools."

The enacting clause reads in part:

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"That section 4363 to section 4376b-10, inclusive, and section 4378 to section 4399, inclusive, Baldwin's 1930 Revision of Carroll's Kentucky Statutes with the 1933 Supplement, relating to general system of public education in the Commonwealth; * * * also section 4526b-1 to section 4526b-5, inclusive, Baldwin's 1930 Revision of Carroll's Kentucky Statutes with the 1933 Supplement, relating to high schools; * * * be, and the same are hereby repealed, and the following, relating to a more uniform and efficient system of schools and colleges throughout the Commonwealth of Kentucky, enacted in lieu thereof."

The appellants argue that the title of the act is misleading and defective, and violates section 51 of the Constitution in that the body of the act is broader than the title. We find no basis for this criticism. The title is unusually clear and specific, and expressly states that one of the purposes of the act is to repeal section 4526b-1 to section 4526b-5, inclusive. In the body of the act these sections are expressly repealed. Appellants quote and rely upon the following excerpt from the opinion in Thompson v. Com., 159 Ky. 8, 166 S. W. 623:

"Where the title of an act is so expressed as to limit its purpose to certain specific parts of a general subject, the subject-matter of the act must be confined to the particular parts of the general subjects that are expressed in the title."

Chapter 65 of the Acts of 1934 meets this requirement. The first clause of the title which reads, "An Act providing for a more uniform and efficient system of public schools and colleges throughout the Commonwealth of Kentucky," is in general terms, and is sufficiently comprehensive to authorize any legislation pertaining to public schools and colleges. It may be conceded that what follows restricts the title of the act relating to public schools and colleges to repealing certain section of the Kentucky Statutes and amending and re-

enacting certain other sections, South v. Fish, 181 Ky. 349, 205 S. W. 329, but the repeal of sections 4526b-1 to 4526b-5, inclusive, is covered by the title as thus restricted. After the passage of the 1934 Act, there was no law requiring a county board of education to give a high school pupil the privilege of attending the most convenient high school.

At the first special session of the General Assembly in 1938, the following act was passed:

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"That it shall be the duty of the board of education of each county to provide approved high school service within the county for all children of high school grade residing in the county district, either by maintaining the school or by contract with an independent district within the county, and the duty of each independent district board of education to provide such service within its district, or by contract with a city or other independent district within the county, for all children of high school grade residing within such district; provided that if the number of such pupils of either race is not sufficient in any county or independent district to maintain a high school, the board shall provide it by transporting them daily to an approved high school in another county or district, or in lieu of transportation shall provide for their board and room within reasonable walking distance of such school if it is found more feasible or more economical to do so, said maintenance in no case to cost more than one hundred dollars ($100.00) per year for any pupil." Chapter 12, Acts of the General Assembly passed at the first special session in 1938.

The Caldwell county board of education has met the requirements of this act by providing high school service within the county for all children of high school grade residing in the county district. Under this act a county board of education is required to provide high school service outside the county district only where the number of children of high school grade residing in the county district is not sufficient to maintain a high school.

Appellants argue that even if section 4526b-5 of the Kentucky Statutes, Baldwin's 1933 Supplement, has

been repealed and the act of 1938 does not apply, yet the Caldwell county board of education has acted wrongfully, arbitrarily, and without regard to the rights of eligible high school pupils residing in the county by compelling them to travel great distances from their homes to attend high schools maintained by the county board when approved high schools maintained in independent districts in the county and in an adjoining county are far more convenient to them. It may be, as claimed by appellants, that the Caldwell county board of education has failed to administer the school affairs of the county economically and efficiently, and that it would be more economical and, in many instances, for the best interests of the high school pupils to permit them to attend high schools other than those maintained by the county board, and that some of these, or all of them, should be discontinued, but that is a matter within the discretion of the board.

In 1936 the state board of education made a comprehensive survey of the Caldwell county schools, and, in its report, recommended that the four high schools maintained by the county board be abandoned; that a contract be entered into with the board of education of the city of Princeton to take care of tenth, eleventh, and twelfth grade pupils; and that a contract be entered into with the board of education of Dawson Springs in Hopkins county to take care of all pupils living within four miles of Dawson Springs. Appellants insist that the county board of education should be compelled to comply with the recommendations of the state board of education. In County Board of Education v. Goodpaster, 260 Ky. 198, 84 S. W. (2d) 55, this court said concerning the relative powers and duties of the two boards [page 57]:

"The power of determining the general educational policies, particularly in respect of qualification of teachers, the curricula and supervision, rests in the state board of education. The authority of administering the affairs of the county district is vested in the county board, which is given greater discretionary powers than formerly."

We are not called upon in the present case to delineate the boundary line of authority between the state board and the county board of education, since the report of the state board of education, following the sur-

vey made by it, contained not an absolute order to the county board of education as contended by appellants, but merely a recommendation concerning the administration of the school affairs of the county. The report itself says:

> "The purpose of this report is to present in a clear and concise form the present status of the educational program as now offered in Caldwell County and to propose a reorganization which will enable the Board of Education and Superintendent to provide for more desirable educational advantages for the children of the county. In studying this report it should be borne in mind that the proposed program is intended as an ultimate desirable goal toward which the school authorities should direct their future efforts. The Board of Education should not attempt the entire program all at one time, but should approach it step by step as rapidly as public sentiment, highway development and finances permit."

The superintendent of public instruction, who approved the report, said in a foreword:

> "It is not intended that the ultimate desirable program set up in this report be attained at once or in any one year, but it is intended as a guide to assist the Board of Education in its thinking and planning and as a goal toward which to work over a period of years. As such, it should prove invaluable to the school officials of Caldwell County."

The report discloses that the maximum tax rate for school purposes permitted by statute is now being levied in Caldwell county, and that $19,428.66 in excess of present revenues are necessary to put into operation the program proposed by the state board of education. One of the closing paragraphs of the report reads:

> "In order to put the entire program into effect at once would require an additional levy of approximately sixty cents per hundred dollars assessed valuation of property. Therefore, it seems the Caldwell County Board of Education is compelled to look to the State and Federal Government for aid in order to operate a desirable program recommended herein."

It will thus be seen that the state board of education recognized the inability of the county board of education to put into operation the proposed plan immediately, and that the program recommended in the report was intended only as a goal toward which the county board should strive.

The circuit court properly sustained the demurrer to plaintiffs' petition as amended, and the judgment is affirmed.