**Arvel WHEAT et al., Appellants,**

v.

**ADAIR COUNTY BOARD OF EDUCATION et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 27, 1970.

Wilson & Wilson, Leonard E. Wilson and Robert L. Wilson, Jamestown, for appellants.

Earl Huddleston, Columbia, for appellees.

CULLEN, Commissioner.

A group of fathers of school children of elementary grade, residents of Adair County, brought action against the board of education of Adair County, at the commencement of the 1969–70 school year, seeking that the board be compelled to pay tuition for attendance of the children at schools of Russell County. The board moved that the complaint be dismissed for failure to state a claim upon which relief could be granted. The circuit court sustained the motion and entered judgment dismissing the action, from which judgment the plaintiff fathers have appealed.

Five of the fathers, having ten of the children, live in one community, and four of the fathers, having thirteen of the children, live in another community. Both communities are near the border between Adair and Russell Counties.

As to the five-father group the complaint alleges that the distance to the Adair County school the children would attend is 13 miles, whereas the distance to a Russell County school they could attend is only 5.8 miles, by reason of which facts the children would be "greatly inconvenienced" if required to attend the Adair County school. The complaint further alleges, as to this group of children, that the road they would have to travel to attend the Adair County school is partially gravel; the gravel portion contains two steep hills and an unbridged creek; the road would be impassable during periods of inclement weather; and by reason of its condition the road "would at times create a hazard to anyone traveling over it on a school bus."

As to the four-father group, the complaint does not allege any hazard, but only great inconvenience from the fact that the distance the children would have to travel to reach an Adair County school would be 13 miles, whereas the distance to a Russell County school they could attend is only 3 or 4 miles.

The allegations of *inconvenience* do not state a claim on which relief could be granted, as to either group of children. It is true that KRS 158.130 *authorizes* a board of education, on the ground of a pupil's convenience, to pay tuition for attendance at a school of another district, but the statute does not *require* a board to do so. Under the rationale of Lincoln County Board of Education v. Carter, 240 Ky. 112, 41 S.W.2d 660, and Stallins v. Caldwell County Board of Education, 274 Ky. 824, 120 S.W.2d 656, the matter is within the board's discretion and the refusal of the board of a request for payment of tuition for attendance of a pupil at the school of another district, made merely on the ground of convenience, cannot be classed as arbitrary or unreasonable.

The allegations of *hazard*, however, present a different question. In Alford v. Board of Education of Campbell County, 298 Ky. 803, 184 S.W.2d 207, the evidence showed conclusively that on the road which certain children would be required to travel in order to attend the school to which the school board had assigned them, a bridge and its approaches were extremely dangerous, such that "a slight mishap at that place would result in precipitating the school bus over an embankment, in which event casualties undoubtedly would occur." This court observed that the highway was shown to be so dangerous as to subject the children "to injury or death unnecessarily." On that evidence, this court said that the action of the school board in requiring the children to attend the school in question "transcends a reasonable discretion that amounts to an arbitrary and oppressive requirement of the children," and the court held that the children could not be required to attend the school in question, at least until the hazard complained of had been eliminated.

KRS 158.120 provides that tuition for a pupil attending a school in a district other than the one in which he resides shall be paid by the district in which he resides unless the board of the latter district "makes provision for the child's education within his district." It would seem reasonable to say that if the only provision the district of a child's residence makes for his education is through attendance at a school which he can reach only by exposing himself to extreme hazard, the district in effect has made no provision at all for his education within the district, within the meaning of KRS 158.120, wherefore the district would be liable for payment of tuition for attendance at another district's school which the child could reach without hazard.

We do not say that the allegations as to the specific nature of the alleged hazard, in the instant action, are sufficient that if only the specifically alleged facts were proved the plaintiffs making those allegations would be entitled to relief. What we hold is that the allegations of hazard give sufficient notice of the nature of the claim that the plaintiffs making the allegations should be given the opportunity to prove the existence of a hazard, on the route the children must travel to attend an Adair County school, of such proportions as to make it unreasonable and arbitrary for the children to be exposed to it.

For the reasons hereinbefore stated, it is our conclusion that the judgment was erroneous in dismissing the complaint as to the five-father group of plaintiffs.

As to the appellants Blankenship, Conover, Huckaby and Carter the judgment is affirmed; as to the appellants Wheat, Antle, McGowan, Grider and Morrison it is reversed, with directions for further proceedings in conformity with this opinion.

All concur.